[No. 14799. Department Two. September 24, 1918.]

IDA A. WATERMAN, *Plaintiff*, v. FREDERICK C. ROBERTSON *et al., Defendants.*[1]

ATTORNEY AND CLIENT—AUTHORITY TO BEGIN SUIT—EVIDENCE—SUFFICIENCY. An action of unlawful detainer to recover leased premises, upon which the tenant had erected valuable improvements, must fail for want of the attorney's authority to commence it, where the lessees were absent from the state, and endeavored in good faith by telegraph to make an adjustment of a bona fide dispute for taxes, and the plaintiff's attorney, whose only authority at the time was to consider the adjustment and wire advice, took advantage of the lessees' absence and precipitated the unlawful detainer suit, after three days' notice by mailing and leaving copies on the premises.

Cross-appeals from a judgment of the superior court for Spokane county, C. C. Upton, judge *pro tempore*, entered July 9, 1917, upon findings in favor of the plaintiff, in an action of unlawful detainer, tried to the court. Reversed.

*Carl L. Shuff* and *Roy A. Redfield*, for plaintiff.

*Robertson & Miller* and *Cordiner & Cordiner*, for defendants.

[1]Reported in 175 Pac. 177.

HOLCOMB, J.—This is an unlawful detainer action brought by plaintiff, owner in fee simple of the west half of lots 1 and 2, block 1, Havermale's addition to the city of Spokane. Defendant Frederick C. Robertson is a tenant as assignee under a written lease for a term from September 1, 1911, to September 1, 1941. Under the conditions of the lease, lessee agreed to erect upon the demised premises a three-story building with basement, which is to become the property of the lessor at the termination of the lease. For the first five years of the lease the lessee agreed to pay an annual rental of $4,200, payable in monthly installments in advance; for the second five years an annual rental of $4,800, payable in monthly installments in advance; and for the balance of the term, five per cent of the fair market value of the premises, excluding buildings and structures, the fair market value to be determined before the end of the first quarter of the years beginning September 1, 1921, and September 1, 1931, respectively. Defendant constructed the three-story brick building with basement at a cost of $50,000, plaintiff admitting the value of same to be $36,000. A dispute arose between the lessor and lessee as to which of the parties should pay the taxes on the demised premises. Mr. Shuff, in plaintiff's behalf and with her money, paid the delinquent taxes on April 10, 1916, and paid the current taxes on July 15, 1916, aggregating $3,945.

The plaintiff lives in Providence, Rhode Island. The defendant, while in Washington, D. C., on an eastern trip, on July 8, 1916, wired the plaintiff's mother, which telegram was received by plaintiff and is as follows:·

"Mrs. Julia Anthony, Providence, R. I.

"Wire me Prince George Hotel New York if you will confer with me Providence Monday as I will come.

Want to avoid any litigation and either bu(r)y or make satisfactory adjustment. If you want to sue will insist on construction of lease. I have not and will not forfeit this lease and want amicable adjustment.

"Fred W. Robinson."

On July 9, 1916, plaintiff wired as follows:

"Fred W. Robertson,

"Prince George, New York, N. Y.

"Matter in hands of C. L. Shuff, Spokane. Make your proposition to him. (Mrs.) I. A. Waterman."

Defendant wired from New York, July 9, 1916, as follows:

"Mrs. I. A. Waterman,

"Providence, R. I.

"Your telegram received. Wired my office today and arrange purchase if possible. Also wrote you fully my position today. I earnestly desire a satisfactory adjustment. Please notify Schuff.

"Fred C. Robertson."

The defendant, before going east, had failed to pay the rent for the months of February, March, April, May and June, 1916, aggregating $1,750. On July 15, 1916, service was made of an unlawful detainer notice, which, after omitting description, is:

"Notice.

"To Frederick C. Robertson and Marie T. Robertson, his wife:

"You and each of you are hereby notified that you are in default for the months of February, March, April, May and June, in payment of rent for that property described as: . . .

"And that the total amount of rent now delinquent and overdue from you to the undersigned is the sum of seventeen hundred and fifty dollars ($1,750). You are further notified that the undersigned owner requires in the alternative, either that you pay the said rent to the said owner through her undersigned attorneys, or that you surrender the said premises and pos-

session thereof to said owner through her undersigned attorneys, within three days after the service of this notice upon you.     Ida A. Waterman, Owner,

"By C. L. Shuff,

"Roy A. Redfield, Her Attorneys."

Service of the notice was made by leaving copies on the detained premises with suitable persons, by posting there and mailing to each of defendants Robertson and wife to their Spokane house at West 1721 Riverside avenue.    Mr. Robertson was still absent on his eastern trip, while Mrs. Robertson was at their summer place, Spirit Lake, Idaho.    Possession of the premises was not yielded, nor was payment of the rent in arrears made during the three-day interval, nor at all.

The complaint in the unlawful detainer action was filed on July 20, 1916, and summons issued thereon on the same date.    Defendants Robertson and wife and defendants Connors appeared, while the other defendants, being subtenants, defaulted.    The defendants Connors are mortgagees of the leasehold.    There is no dispute as to the relation of landlord and tenant. Plaintiff did not offer or introduce in evidence the unlawful detainer notice, which was filed with the clerk of the court.    At the close of plaintiff's case, defendants challenged the sufficiency of plaintiff's evidence to entitle her to recover, and moved that her action be dismissed on the ground that she had failed to prove that an unlawful detainer notice had been served on the defendants Robertson.    On July 9, 1917, the court entered judgment in favor of the plaintiff for $3,500, or double the amount of rent found due; for $2,400.08 taxes, being that part which the court found that defendants covenanted to pay under the lease, and canceled and forfeited the lease.

The defendants assign that the court erred, (1) in

not dismissing plaintiff's action with prejudice; (2) in not permitting the defendants Robertson to prove that plaintiff waived the right to maintain an unlawful detainer action; (3-5) in entering a judgment against either the defendant Robertson or the community consisting of Robertson and wife for the sum of $2,400.08, or any other sum, for the taxes, for the sum of $3,500 as rent, or any other sum or at all, and canceling the defendants' lease on the demised premises.

Disregarding all other claims of error on the part of both the parties as of little or no merit in law, we pass at once to the matter which we consider vital and fatal to the action. Defendants at all times challenged the authority of plaintiff's attorneys to institute and maintain this action.

Defendants contend that the attorneys for the plaintiff had no authority to commence an unlawful detainer action. Mr. Shuff, one of plaintiff's attorneys, admitted that he received and acknowledged the following telegram:

"Providence, R. I., July 715 P 9, 1916.
"C. L. Shuff, O1111 Hollis St., Spokane, Wn.
"Following from Robinson to Mrs. Anthony. Wire me Prince George Hotel New York if you will confer with me Providence Monday as I will come. Want to avoid any litigation and either buy or make satisfactory adjustment. If you want to sue will insist on construction of lease. I have not and will not forfeit this lease and want amicable adjustment. Fred W. Robinson. Have answered. Matter in hands of C. L. Shuff. Make your proposition to him. Wire advice at once, 159 Medway Street. C. F. Whitney."

Whitney was representing Mrs. Waterman at Providence, Rhode Island. Whatever authority the attorneys had prior to the receiving of the above telegram was revoked or suspended by it until Mr. Robertson

could be advised, and the authority of the attorney or attorneys for plaintiff was then only to negotiate with Robertson for a settlement or sale. Good faith required that the attorneys should wait with the action for their client until they either notified or consulted with Mr. Robertson. They did neither, but by their action precipitately verified the complaint in behalf of the plaintiff when they knew that Robertson was in the east and his wife out of the city. While it is true that defendants were delinquent and apparently dilatory in the payment of rent and taxes, the dispute about the provisions relating to the payment of the taxes had existed for years. Those parts of the lease relating to the payment of taxes are paragraphs 7, 8 and 18 of the lease, and read as follows:

"(7) The lessor covenants and warrants that she has title in fee simple to said demised premises free and clear of any and all encumbrances and liens of any and all descriptions whatsoever, and agrees to pay, before the same become delinquent, all sewer, paving, curbing and all other taxes, levied on or against said demised premises, excepting such taxes as are hereinafter expressly provided for.

"(8) The lessee covenants and agrees to pay, before the same become delinquent, the sidewalk taxes and all regular county and city taxes lawfully levied and imposed on demised premises and buildings thereon, including chattels and permanent improvements thereon belonging or erected by said lessee, excepting those taxes in the preceding paragraph providing for.

"(18) It is further understood and agreed that if the lessor does not pay the assessments and taxes levied and assessed on said premises, which by the terms of this indenture she is to pay, the lessee may pay the same and deduct the amounts so paid, and also the necessary costs and expenses incurred by lessee therein, from the rental sums to be paid by the lessee to the lessor."

Defendants contended that they were required to pay only the taxes as set forth in paragraph 8 of the lease, while plaintiff contended that the defendants were required to pay all the general taxes, contending that the "regular county taxes" meant all the taxes payable to the county treasurer. Negotiations had been in progress to amicably settle the difference between the parties. During such negotiations, and while defendants were lulled into a feeling of safety and settlement and the principal defendant was away from Spokane, the attorneys for plaintiff knowingly took advantage of them by service of the notice and filing a complaint as indicated. Although the proceedings seem regular on their face, it cannot be said that the facts are such as to entitle the plaintiff's attorneys to bring the action at the time and under the conditions they did. To so hold would be an unconscionable wrong. Appellants would not only be doubly penalized for the delinquent rent, and the costs, but also forfeit the lease and lose a very valuable building for the unexpired term.

Plaintiff also appeals for the reason that the court apportioned the taxes against defendants only for the county and city levies, while she claims that she is entitled to recover for all the general tax levies. In view of the fact that we must dismiss the action, we will not discuss this phase of the action, but leave the parties to bring such action or make such adjustment as they may be advised.

Reversed and remanded for dismissal.

MOUNT and MACKINTOSH, JJ., concur.

CHADWICK, J. (concurring)—It should not be understood that the court is reversing this case as a matter of equity, or because to affirm it would result in an un-

conscionable wrong. It is an action at law, and if the law be that plaintiff is entitled to recover, it should be so declared.

I concur in the result for the reason that the authority to begin the action is to be determined by reference to the law of agency. At the time the action was begun, the authority of plaintiff's attorneys was limited. They had authority to negotiate, but no authority to begin an action until the negotiations had come to naught. I think this is clearly indicated by the telegram of July 7, 1916.

MAIN, C. J., concurs.