[No. 18166.   Department One.   October 31, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Ida A. Waterman, Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent.*[1]

PROHIBITION (35)—APPLICATION—NOTICE. It is not necessary to give notice of an application for an alternative writ of prohibition in the supreme court.

LANDLORD AND TENANT (39)—UNLAWFUL DETAINER—DEFENSES—RELIEF FROM FORFEITURE. Rem. Comp. Stat., § 830, authorizing the court to relieve a tenant against the forfeiture of a lease, is applicable only in case the forfeiture is determined by the judgment of a court in a forcible entry and detainer action.

PROHIBITION (4, 20)—ADEQUACY OF REMEDY BY APPEAL—ACTS IN EXCESS OF JURISDICTION. Where the superior court is proceeding without jurisdiction, prohibition lies, and a writ of review would not be more adequate to raise the question of jurisdiction.

Application filed in the supreme court August 16, 1923, for a writ of prohibition restraining the superior court of Spokane county, Webster, J., from further proceeding in a case. Granted.

*C. L. Shuff* and *Roy A. Redfield,* for appellant.

*Allen, Winston & Allen* and *Robertson, Miller & Robertson,* for respondent.

. TOLMAN, J.—This is an original proceeding in this court by which relator seeks the issuance of a permanent writ of prohibition, restraining respondent from further proceeding in a matter growing out of the case of *Robertson v. Waterman,* 123 Wash. 508, 212 Pac. 1074.

In that case, this court directed the entry of a judgment for nominal damages, and on the going down of the remittitur, the superior court, on April 25, 1923,

[1]Reported in 220 Pac. 5.

entered its final judgment in and by which it was provided:

"That the tenancy of plaintiffs herein of and to the properties described in the complaint herein, under the lease described in said complaint and said lease, is hereby forfeited and the said plaintiffs Frederick C. Robertson and Marie T. Robertson, his wife, do have and recover from Ida A. Waterman, defendant herein, the sum of $1, together with their costs" etc.

After the entry of this judgment, Frederick C. Robertson and others filed a petition in the superior court, setting up the terms of the lease referred to in the judgment; the interests of the petitioning parties therein; the commencement of an action of unlawful entry and detainer against the petitioners; the issuance of a writ of restitution, and the ousting of petitioners from possession, and the final termination of that action in this court (*Waterman v. Robertson*, 103 Wash. 553, 175 Pac. 177), in their favor; the subsequent commencement of an action for damages on account of such eviction; the steps taken in that proceeding resulting in the action recorded in 123 Wash. 508, 212 Pac. 1074; the entry of the judgment in the superior court from which we have quoted; the willingness of the petitioners to accept the provisions of the lease and resume possession, and the claim of right so to do under § 830, Rem. Comp. Stat. [P. C. § 7988].

Upon the filing of the petition, an order was entered requiring the relator, who was made respondent therein, to appear and show cause why the petition should not be granted. Relator made a special appearance and motion to quash, upon the ground that the superior court had no jurisdiction to proceed therein. The motion to quash being denied, relator procured the issuance of an alternative writ in this court requiring respondent to refrain from further proceeding in the

matter until the further order of this court, and directing respondents to show cause on the return day why a permanent writ of prohibition should not issue.

Respondents appeared here by a motion to quash and dismiss on the ground of no notice to them of the application. This motion must be denied. The procedure follows the usual practice in this court, and the service of the alternative writ was sufficient notice of the application for a permanent writ.

The real question to be here determined is whether or not § 830, Rem. Comp. Stat., is applicable. The section reads:

"The court may relieve a tenant against a forfeiture of a lease and restore him to his former estate, as in other cases provided by law, where application for such relief is made within thirty days after the forfeiture is declared by the judgment of the court, as provided in this chapter. The application may be made by a tenant or subtenant, or a mortgagee of the term, or any person interested in the continuance of the term. It must be made upon petition, setting forth the facts upon which the relief is sought, and be verified by the applicant. Notice of the application, with a copy of the petition, must be served on the plaintiff in the judgment, who may appear and contest the application. In no case shall the application be granted except on condition that full payment of rent due, or full performance of conditions of covenants stipulated, so far as the same is practicable, be first made."

This section is a part of the act on forcible entry and detainer, and by its terms is applicable only in cases where the forfeiture of a lease is declared by the judgment of a court entered in a forcible entry and detainer action. The action of *Robertson v. Waterman, supra,* was purely and solely an action for damages. The question of the forfeiture of the lease or tenancy was not in issue, and the judgment directed by this court was one for nominal damages only, and

when the superior court attempted by its judgment to direct the forfeiture of the lease and tenancy, it acted in excess of its authority and attempted to do that which this court did not authorize it to do; hence the judgment to that extent was a nullity. But whether so or not, the statute which we have already quoted can have no application to any other than an action in forcible entry and detainer, and the superior court was without jurisdiction to proceed thereunder.

Some contention is made that relator has an adequate remedy by appeal, or should have sought relief by writ of review. Since the superior court was without jurisdiction to proceed, there seems no good reason why relator should be put to the expense, trouble and delay of defending against the petition in the superior court and appealing from a final judgment; nor would a writ of review be any more adequate to raise the question of jurisdiction than the means employed. The office of a writ of prohibition is to prohibit an inferior tribunal from proceeding in excess of its jurisdiction, which it was here attempting to do, and therefore the permanent writ will issue.

MAIN, C. J., PARKER, MITCHELL, and PEMBERTON, JJ., concur.