[No. 31943.  *En Banc.*  December 13, 1951.]

THE STATE OF WASHINGTON, *Plaintiff and Relator*, v. NELSON DURHAM, *Defendant.*[1]

[1]Reported in 238 P. (2d) 1201.

*Charles O. Carroll* and *F. A. Walterskirchen,* for relator.

*Kennett, McCutcheon & Soderland,* for defendant.

HAMLEY, J.—This is an original application for a writ of prohibition to restrain the superior court of King county from holding a hearing to determine whether Nelson Durham is a safe person to be at large.

Durham was charged in two counts with the crime of accepting the earnings of a common prostitute. At the time of arraignment, he stood mute and a plea of not guilty was entered on his behalf by the court. His counsel thereafter entered, on his behalf, the additional plea of mental irresponsibility, claiming that Durham was mentally irresponsible at the time of the alleged offense, but sane and responsible at the time of trial. Prior to the trial, a motion for continuance on the ground that defendant was mentally incapable of giving aid to his attorney during the trial, was made and denied.

At the conclusion of the trial, the court submitted to the jury the forms for general and special verdicts, as prescribed by Rem. Rev. Stat., § 2175 [P.P.C. § 133-5], where such a plea has been entered and evidence has been received thereon. The jury returned a general verdict of not guilty as to each count. It also returned special verdicts as to each count, in which it was found that (1) defendant committed the crime charged; (2) he was mentally irresponsible at that time; (3) he was mentally responsible at the time of the trial; and (4) there was such a likelihood of a relapse or recurrence of his mentally irresponsible condition as to render him unsafe to be at large.

Defendant then filed motions for arrest of judgment as to special verdict No. 4, and, in the alternative, for a new trial limited to that issue. A motion for new trial as to the entire case was withdrawn by defendant. The motions came on for argument on October 6, 1951. At the conclusion of the argument, the trial court orally announced that it would deny the motion for new trial as limited to the issue covered by special verdict No. 4. The court also announced that it

would take under advisement the motion to arrest judgment as to the determination made under that special verdict. The proceeding now before us does not involve either of these motions or the court's announced rulings thereon.

During the course of the oral argument on these motions, counsel for defendant orally requested the trial court to conduct an inquiry as to defendant's then condition of "safeness to be at large." The deputy prosecuting attorney resisted this request, but the trial judge indicated that he would grant it. In this connection the trial court said:

"I am granting the request of counsel that I shall take jurisdiction to go into the matter and determine whether any human being can produce one iota of evidence before this court now that this man is unsafe to be at large. I will set it down for hearing for that purpose. And I will pass upon that matter at that time, and also on the motion [for arrest of judgment]. . . ."

It will be observed that the purpose of the hearing, as announced by the trial court, was not to review the jury's special verdict No. 4 to the effect that defendant was unsafe to be at large. Rather, it was to receive new evidence for the purpose of determining whether defendant was entitled to his immediate release on the ground that he is now (whatever his condition may have been at the time of the jury verdict) a safe person to be at large.

In the return filed in this proceeding, the trial court intimates that a second reason why the court desired to hold the hearing was for the purpose of determining whether defendant had been sufficiently competent to stand trial and to receive sentence. The writ of prohibition is not directed against the holding of a hearing for that purpose. The only question before us is whether, under the circumstances of this case, the trial court had jurisdiction to proceed in the indicated manner, for the purpose of determining whether defendant should be released because he is now a safe person to be at large.

A writ of prohibition may be issued by this court to arrest the proceedings of the superior court when such proceedings are without or in excess of the jurisdiction of the

latter court. *State ex rel. Waterman v. Superior Court*, 127 Wash. 37, 220 Pac. 5; Rem. Rev. Stat., § 1027 [P.P.C. § 17-1]. One of the three essential elements which must be present to establish jurisdiction of a court in any case is that the point decided must be, in substance and effect, within the issues before the court. *State ex rel. Troy v. Superior Court*, 38 Wn. (2d) 352, 357, 229 P. (2d) 518.

■■ The question of defendant's safeness to be at large was not an issue for determination by the trial court, under the circumstances of this case. Unless a valid order is entered granting a new trial or arresting judgment, the trial court's only function is to enter judgment in accordance with the verdict. The only judgment which can be entered is one committing defendant as a criminally insane person. Rem. Rev. Stat., § 2176 [P.P.C. § 133-7].

Defendant cites *State v. Peterson*, 90 Wash. 479, 156 Pac. 542, and several other cases in which it has been held that the trial court has inherent power to make a determination as to the competency of the defendant at any time before sentence is pronounced. These cases, however, have to do with the common-law rule, recognized in this state, that one may not be placed upon trial if he is incapable of properly appreciating his peril and of rationally assisting in his own defense, and sentence may not be executed if he is incapable of understanding the reason for or nature of the punishment. *State ex rel. Mackintosh v. Superior Court*, 45 Wash. 248, 88 Pac. 207; *State v. Schafer*, 156 Wash. 240, 286 Pac. 833; *State v. Henke*, 196 Wash. 185, 82 P. (2d) 544; *State v. Davis*, 6 Wn. (2d) 696, 108 P. (2d) 641. The cases cited by defendant provide no precedent for a proceeding to determine defendant's safeness to be at large.

Defendant calls attention to our recent decision in *State v. Tugas, ante* p. 241, 234 P. (2d) 1082. It was there held that Rem. Rev. Stat., § 6970 [P.P.C. § 133-11], relating to discharge from the criminally insane ward at the penitentiary, was not applicable in a case (termed category [b]) where, as here, the insanity does not continue to exist at the time of the trial but there is such likelihood of a re-

currence or relapse as to render the defendant unsafe to be at large. We there indicated that, in lieu of a statutory procedure, the proper judicial remedy was *habeas corpus*.

. Whether or not *habeas corpus* may be resorted to following trial and prior to judgment and commitment, for the purpose of determining safeness to be at large (a question which we do not decide), it is clear that no *habeas corpus* proceeding was here in progress. The trial court proposed to act on the basis of an oral motion, made during the course of argument on other motions for arrest of judgment and in the alternative for a new trial on the issue covered by special verdict No. 4. A *habeas corpus* proceeding must be instituted by a signed and verified petition setting out specified information, served upon the party having the person under restraint. Rem. Rev. Stat., § 1065-1070 [P.P.C. § 58-3 to 58-13]. There must also be a signed and verified return to the writ. Rem. Rev. Stat., § 1072 [P.P.C. § 58-17].

██ The superior court was without authority to proceed with a hearing to determine whether defendant is a safe person to be at large, and a writ will issue prohibiting further proceedings of the kind indicated.

ALL CONCUR.