[No. 32088. Department One. March 31, 1953.]

NELSON DURHAM, *Respondent,* v. HARLAN S. CALLAHAN, *as Sheriff of King County, Appellant.*[1]

[1]Reported in 255 P. (2d) 374.

*Charles O. Carroll* and *F. A. Walterskirchen,* for appellant.

*Kennett, McCutcheon & Soderland,* for respondent.

WEAVER, J.—This is an appeal by the state from an order entered after trial on a petition for a writ of *habeas corpus.* The petitioner was discharged from custody.

July 21, 1951, by a special verdict under Rem. Rev. Stat., § 2175, RCW 10.76.030, a jury found: (1) that Nelson Durham had committed the acts of which he was charged; (2) that he was not guilty by reason of mental irresponsibility existing at the time of the charged offenses; (3) that he was sane at the time of trial; and (4) that he was an unsafe person to be at large because of the likelihood of a relapse or recurrence of the mentally irresponsible condition.

Prior to entry of judgment, the trial judge indicated that he would grant an oral request for a hearing to determine Durham's present fitness to be at large. The state petitioned this court for a writ prohibiting the trial court from holding the proposed hearing. We granted the writ of prohibition. *State v. Durham,* 39 Wn. (2d) 781, 238 P. (2d) 1201.

The proceedings for the writ of prohibition delayed entry of judgment and commitment. They were not entered until January 25, 1952, more than six months after the jury had determined that Durham was an unsafe person to be at large. The same day, Durham filed a petition for a writ of *habeas corpus,* alleging that he was then sane and safe to be at large. The writ was issued immediately, returnable February 6, 1952.

On February 5, 1952, this court denied a petition for an alternative writ of prohibition or certiorari directed to the petition and writ of *habeas corpus.* The trial court overruled

a demurrer to the petition and denied a motion to quash the writ. Three psychiatrists testified that, in their judgment, Durham was sane and safe to be at large. After trial on the issues raised (the state submitted no evidence), the trial court found that there was not such likelihood of a recurrence of Durham's previous mental condition, and that he was safe to be at large. February 7, 1952, the trial court entered its order discharging Durham from custody. The state has appealed.

Its assignments of error (argued together) are directed to the alleged insufficiency of the petition and writ of *habeas corpus* and to the judgment releasing Durham from the custody of the sheriff of King county.

The solutions to the basic questions raised by appellant are suggested in *State v. Tugas,* 39 Wn. (2d) 241, 234 P. (2d) 1082. Tugas was indicted for murder. He was acquitted by reason of insanity at the time of the act. The jury found him sane at the time of trial but unsafe to be at large by reason of the likelihood of a recurrence of his previous condition of mental irresponsibility. Rem. Rev. Stat., §§ 2175, 2176; RCW 10.76.030-.040. Tugas was then within the same legal category as Durham, described in the *Tugas* case as "category (b)":

"(b) where the insanity does not continue to exist at the time of trial but there is such likelihood of a recurrence or relapse as to render the defendant unsafe to be at large; or (c) where the insanity does not continue to exist at the time of trial and there is no likelihood of a recurrence or relapse which would render the defendant unsafe to be at large."

Further, we said:

"If a defendant falls into category (c) he must be released; if he falls into category (a) [where the insanity continues to exist at time of trial] or (b), he is to be 'committed as a criminally insane person until such time as he shall be discharged as hereinafter provided.' Laws of 1907, chapter 30, § 4; Rem. Rev. Stat., § 2176."

Having been confined to the penitentiary, Tugas proceeded under Rem. Rev. Stat., § 6970, RCW 10.76.070. The examining physician certified that, in his opinion, Tugas

was then sane. He did not certify that there had been a change in his mental condition since his commitment. The superior court indicated that it would set the matter for trial before a jury to determine whether he had become a safe person to be at large. Upon application of the prosecuting attorney, we prohibited the trial court from proceeding. We said:

"Our conclusion is that Tugas, by the very circumstance of being adjudicated to be sane at the time of his commitment, cannot bring himself within the terms of Rem. Rev. Stat., § 6970, which clearly requires the individual seeking release thereunder to establish that he has become sane since his commitment."

Inasmuch as Tugas could not avail himself of the statutory remedy, and could not be deprived of all judicial remedy, we held that *habeas corpus* would lie in such case, so that an individual in "category (b)" could have the issue of his safeness to be at large determined. We have recognized this rule twice. *State v. Durham*, 39 Wn. (2d) 781, 238 P. (2d) 1201; *In re Tugas*, 41 Wn. (2d) 33, 246 P. (2d) 851. Durham could not have proceeded under Rem. Rev. Stat., § 6970.

Appellant urges that the petition for the writ of *habeas corpus* is insufficient because it does not allege that there has been a change in Durham's mental condition since the entry of judgment. This argument would have weight were Durham able to proceed under Rem. Rev. Stat., § 6970, RCW 10.76.070, because such an allegation is a condition precedent for the release of one originally committed as criminally insane. But the jury found Durham sane at the time of the trial. He was incarcerated because, at that time (more than six months before commitment), the jury found that there was a likelihood of a recurrence of his mentally irresponsible condition. The petition alleges a present condition which, if true, entitles him to be released. In effect, it alleges that the reason for his detention no longer exists. The allegation of this fact, different than that upon which the commitment was entered, can be made only on the basis of a change.

■ Appellant argues that *State v. Tugas, supra,* and the cases therein cited, are applicable only to persons physically incarcerated in the criminally insane ward of the state penitentiary. Such is not the case. The judgment and commitment remanded Durham "to the custody of the King County Sheriff to be by him detained and delivered into the custody of the proper officers for transportation to the State Penitentiary." Judgment and commitment having been completed, Durham's status was determined. It was proper to direct the writ to the sheriff of King county, the individual exercising actual restraint of his person at that time. Rem. Rev. Stat., §§ 1063, 1065.

Durham has pursued a remedy available to him. The demurrer to the petition was properly overruled and the motion to quash properly denied.

The superior court, after trial, found

". . . that the petitioner is sane and is safe to be at large and that there is not such likelihood of a recurrence of or relapse into his previous mental irresponsible condition as to render him unsafe to be at large; . . ."

No error was assigned to this finding.

The order discharging petitioner from custody is affirmed.

GRADY, C. J., MALLERY, SCHWELLENBACH, and DONWORTH, JJ., concur.