[No. 7623-0-I.   Division One.   December 15, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. CYRIL KOLOCOTRONIS, *Appellant.*

*Shafer, Mitchell & Moen* and *Norman Leopold,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Gerald Smith, Deputy,* for respondent.

DORE, J.—Cyril Kolocotronis appeals and the State cross–appeals from an order denying Kolocotronis' petition for final discharge from Western State Hospital.

### ISSUE

1. Does the petitioner in a final discharge proceeding commenced under RCW 10.77.200(3) have the burden of showing by a preponderance of the evidence or by "highly probable" evidence that he or she is not a substantial danger to other persons or does not present a substantial likelihood of committing felonious acts unless kept under further control?

### FACTS

On June 25, 1976, Kolocotronis was acquitted by reason of insanity of the crime of indecent exposure. In 1978, he filed a petition for final discharge from Western State Hospital pursuant to RCW 10.77.200(3). Kolocotronis appeared pro se and was assisted by an attorney acting as cocounsel. The jury returned a verdict finding that he was a substan-

tial danger to other persons or presents a substantial likelihood of committing felonious acts jeopardizing public safety or security unless kept under further control. Kolocotronis' petition for final discharge was accordingly denied. In his appeal Kolocotronis challenges several instructions, including the court's instructions on the burden of proof, as well as several evidentiary rulings. The State also challenges certain evidentiary rulings and instructions in its cross appeal. We conclude that the issue concerning the burden of proof is dispositive and that the other issues raised may not reoccur on retrial, and therefore do not address them.

## DECISION

ISSUE: A person who has been acquitted by reason of insanity and who seeks release from a hospital has the burden of proving by a preponderance of the evidence that he or she is safe to be at large.

■ Prior to the adoption of the current statutory scheme for the commitment and release of persons acquitted by reason of insanity, the Supreme Court in *State v. Blubaugh,* 80 Wn.2d 28, 36, 491 P.2d 646 (1971), held that in a discharge proceeding

the burden of persuasion is upon the petitioner and that before a discharge from custody will be granted, [the jury] must find it *highly probable* that he is now sane, that he is not liable to a recurrence of the insanity, and is a safe person to be at large.

(Italics ours.) The procedures set forth in *Blubaugh* were modified by the adoption of RCW 10.77.200 which provides:

(1) Upon application by the criminally insane or conditionally released person, the secretary shall determine whether or not reasonable grounds exist for final discharge. If the secretary approves the final discharge he then shall authorize said person to petition the court.

(2) The petition shall be served upon the court and the prosecuting attorney. The court, upon receipt of the

petition for final discharge, shall within forty–five days order a hearing. Continuance of the hearing date shall only be allowed for good cause shown. The prosecuting attorney shall represent the state, and shall have the right to have the petitioner examined by an expert or professional person of his choice. If the petitioner is indigent, and he so requests, the court shall appoint a qualified expert or professional person to examine him. The hearing shall be before a jury if demanded by either the petitioner or the prosecuting attorney. The burden of proof shall be upon the petitioner to show by a preponderance of the evidence that the petitioner may be finally discharged without substantial danger to other persons, or presents a substantial likelihood of committing felonious acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions.

(3) Nothing contained in this chapter shall prohibit the patient from petitioning the court for final discharge or conditional release from the institution in which he or she is committed. The issue to be determined on such proceeding is whether the petitioner is a substantial danger to other persons, or presents a substantial likelihood of committing felonious acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions.

In adopting this statute the legislature provided for two procedures for seeking release after adjudication of criminal insanity. Under RCW 10.77.200(1) and (2), the petitioner may make application with the Secretary of the Department of Social and Health Services for a determination of whether reasonable grounds exist for final discharge. If the Secretary approves the petition, he or she shall authorize the filing of a petition in court. Either the State or the petitioner may thereafter request a jury trial. The burden of proof in the subsequent trial is "by a preponderance of the evidence". RCW 10.77.200(2).

RCW 10.77.200(3) provides, on the other hand, that a petitioner without prior approval of the Secretary may go directly to the court to seek final discharge. The issue to be determined in the subsequent hearing and jury trial is

identical to the issue to be determined if the petitioner, pursuant to RCW 10.77.200(2), seeks prior approval by the Secretary. The legislature did not, however, state in RCW 10.77.200(3) whether the petitioner who goes directly to the court has the same burden of proof as the petitioner who initially obtains the approval of the Secretary. The State contends that in the absence of approval by the Secretary, the petitioner should have the "highly probable" burden of proof as set forth in *State v. Blubaugh, supra.* We disagree.

In *State v. McCarter,* 91 Wn.2d 249, 588 P.2d 745 (1978), the court addressed the issue as to the burden of proof in release hearings from a sexual psychopath program. The court analogized to release hearings following adjudication of criminal insanity, stating:

> In this case, the trial court placed the burden of proving nondangerousness upon the petitioner and applied the "highly probable" standard which this court formulated in *State v. Blubaugh,* 80 Wn.2d 28, 491 P.2d 646 (1971). In *Blubaugh,* the court was faced with the question of what burden a criminally insane petitioner (one who has been acquitted of a crime by reason of insanity) must sustain in order to prove that he is safe to be at large and thereby to obtain his release. In 1971, the criminal insanity statute (RCW 10.76.070) provided that the burden was upon the petitioner but failed to set forth the standard to be applied. Because of the unique nature of a release proceeding, in which a judge or jury is predicting the future behavior of one who has already been adjudged to have committed a criminal act, we held that the petitioner/patient was required to prove that he was safe to be at large by a high probability of the evidence, a standard which fell somewhere between "beyond a reasonable doubt" and "preponderance of the evidence". In 1973, the legislature repealed RCW 10.76 and enacted a new criminal insanity statute (RCW 10.77) which was amended in 1974 to provide that the petitioner's burden was to prove nondangerousness by a preponderance of the evidence. RCW 10.77.200.

*State v. McCarter, supra* at 253–54. The court in *McCarter* made no distinction between the two procedures available to a petitioner in a final discharge proceeding under RCW

10.77.200. We conclude that the statute should be interpreted consistently, and see no basis for imposing a higher burden of proof on a petitioner who directly petitions the court. The issue to be determined by the jury in either instance is the same, and there is no indication that the legislature intended a different burden of proof when the petitioner makes direct application to the court without the approval of the Secretary.

Reversed and remanded.

SWANSON and WILLIAMS, JJ., concur.