[No. 10887–5–I.   Division One.   May 9, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. CYRIL
KOLOCOTRONIS, *Appellant.*

*Norman R. Leopold*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Gerald Smith,
Deputy*, for respondent.

CALLOW, J.—Cyril Kolocotronis appeals a judgment of the superior court which denied his motion for a jury trial following a remand from this court and which denied him a jury trial pursuant to his petition for final discharge under RCW 10.77.200(3), filed March 18, 1981, based on his failure to show a change of circumstances. The sole issue is whether under RCW 10.77.200(3) a trial court may require an individual to show that his condition has changed since his previous petition for final discharge in order to qualify for a jury trial on the merits.

On June 25, 1976, Cyril Kolocotronis was acquitted by reason of insanity of the crime of indecent exposure, then a felony, and committed to Western State Hospital. In 1978, Kolocotronis petitioned for final discharge pursuant to RCW 10.77.200(3). He proceeded pro se assisted by an attorney acting as cocounsel. On May 3, 1979, a jury rendered a verdict finding Kolocotronis to be a substantial danger to other persons or that he presented a substantial likelihood of committing felonious acts jeopardizing public safety or security unless kept under further control. His petition for final discharge was denied. *See* RCW 10.77-.200(3).

Kolocotronis appealed the denial of his petition. This court held that the "highly probable" burden of proof was not applicable but that a petitioner need only prove by a preponderance of evidence that he or she is entitled to final discharge under RCW 10.77.200. We remanded the cause for further proceedings. *State v. Kolocotronis*, 27 Wn. App. 883, 620 P.2d 546 (1980).

Prior to the filing of the decision in *State v. Kolocotronis, supra,* Kolocotronis re–petitioned the trial court for final discharge pursuant to RCW 10.77.200(3), proceeding pro se with an attorney acting as his cocounsel. On July 9, 1980, a jury rendered the same verdict which had been rendered in his May 3, 1979 jury trial and his petition for final discharge was again denied. The jury was instructed properly concerning the burden of proof and Kolocotronis did not appeal the denial of his petition.

The instant appeal has arisen as a result of the remand by the court in *State v. Kolocotronis, supra,* of the original final discharge proceedings. The record is incomplete, but it appears that on March 18, 1981, following the decision in *State v. Kolocotronis,* Kolocotronis filed a third petition for final discharge pursuant to RCW 10.77.200(3). He then moved for and was denied a new jury trial based upon the remand in *State v. Kolocotronis, supra.* The court further ordered that a hearing be conducted on Kolocotronis' third final discharge petition, filed March 18, 1981, to determine whether Kolocotronis' condition had changed or improved to warrant the granting of a new jury trial on the issue of his safety to be at large. This hearing was set for June 24, 1981.

On that date, Kolocotronis appeared pro se with an attorney as cocounsel. Prior to the hearing, Kolocotronis again moved, on the record, for a new trial. This was denied. Kolocotronis also raised a continuing objection to the requirement of the hearing contending that the trial court had no statutory authority to interpose a threshold requirement showing a change of circumstances. The hearing was then conducted in which only the petitioner and the court appointed psychiatrist testified. At the conclusion of the hearing, the trial court denied Kolocotronis' request for a jury trial and dismissed his petition finding that he had failed to present new evidence supporting the factual showing necessary for final discharge.

Kolocotronis has appealed the order of the trial court which refused to set a jury trial following the remand of the appellate court and which denied him a jury trial pursuant to his petition for final discharge, filed March 18, 1981, based on his failure to show a change of circumstances. However, it appears that on April 30, 1982, Kolocotronis was conditionally released from hospitalization to the authorities of the Fulton State Hospital in Missouri, where he currently is residing. While this release may make some of the issues Kolocotronis raises on appeal moot, "where the case involves a question of substantial public

interest and would probably reoccur, we have nonetheless retained the case." *In re Wilson,* 94 Wn.2d 885, 887, 621 P.2d 151 (1980); *see Hartman v. State Game Comm'n,* 85 Wn.2d 176, 532 P.2d 614 (1975). An issue is before us which is of substantial public interest and is likely to reoccur.

The issue presented is whether under RCW 10.77.200(3) a trial court may require an individual who petitions the court for final discharge to show that his condition has changed since his previous petition in order to qualify for a jury trial on the merits.

On June 24, 1981, the trial court conducted a hearing on Kolocotronis' motion for a jury trial pursuant to his petition for final discharge filed March 18, 1981. The court considered the following evidence: (a) the record and files in this criminal proceeding; (b) the testimony of Dr. Harlan McNutt (court appointed expert for Kolocotronis); (c) the demeanor and testimony of Mr. Kolocotronis, and (d) the reports of Western State Hospital on Mr. Kolocotronis sent to the court pursuant to RCW 10.77.140 dated December 9, 1980 and June 15, 1981. The trial court denied Kolocotronis' petition for a final discharge trial with a jury, based on the following findings of fact:

> The court having received the testimony and having heard the argument of the parties makes the following findings of fact:
> 2.1 Previous Final Discharge Jury Trials. The court has previously granted Kolocotronis two final discharge jury trials:
> a) On May 3, 1979, a jury returned a verdict finding Kolocotronis to be a danger to other persons or presenting a likelihood of committing felonious acts (Kolocotronis appealled [*sic*] the decision and the case was reversed and remanded for failure to instruct on the correct burden of proof. *State v. Kolocotronis,* 27 Wn. App. 883, 620 P.2d 546 (1980)).
> b) On July 9, 1980 a jury returned a verdict finding Kolocotronis to be a danger to other persons or presenting a likelihood of committing felonious acts. (The jury was instructed properly as to the preponderance of the evidence burden of proof and the defendant did

not appeal the order of the court.)

2.2 No Authorization or Approval by the Secretary. The Secretary of the Department of Social and Health Services has not approved an application of Kolocotronis for final discharge nor has the Secretary authorized Kolocotronis to petition the court for final discharge.

2.3 No Reports from Secretary Revealing Change. The court has not received any reports from the secretary revealing any significant improvement in the defendant's condition which would justify a change of status.

2.4 Report of Defense Expert. The testimony of the expert appointed at the request of the defendant to support his petition for final discharge recommends hospitalization and in no way supports final discharge.

2.5 No New Allegations from Defendant. The allegations of the defendant supporting final discharge are not significantly different from the allegations previously made by the defendant and do not allege any material change of the defendant's own circumstances of or in the community justifying a change in status; and,

2.6 Sexual Assault Since Last Trial. The defendant sexually assaulted a woman at Western State Hospital since his last jury trial.

2.7 Prognosis for Rapid Significant Improvement Doubtful. The defendant's condition is not likely to show a rapid significant improvement.

"No error has been assigned to the findings of fact so they become the established facts of this case." *Washington State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 53, 586 P.2d 870 (1978); *see Lakeside Pump & Equip., Inc. v. Austin Constr. Co.*, 89 Wn.2d 839, 842, 576 P.2d 392 (1978). Kolocotronis, however, contends that a jury trial must be granted in every petition brought under RCW 10.77.200(3) if the petitioner requests it. He contends that a petitioner may not be required to meet a threshold requirement of proving a change of circumstances prior to obtaining a jury trial under RCW 10.77.200(3).

RCW 10.77.200 states:

Final discharge—Procedure. (1) Upon application by the criminally insane or conditionally released person, the secretary shall determine whether or not reasonable grounds exist for final discharge. If the secretary

approves the final discharge he then shall authorize said person to petition the court.

(2) The petition shall be served upon the court and the prosecuting attorney. The court, upon receipt of the petition for final discharge, shall within forty–five days order a hearing. Continuance of the hearing date shall only be allowed for good cause shown. The prosecuting attorney shall represent the state, and shall have the right to have the petitioner examined by an expert or professional person of his choice. If the petitioner is indigent, and he so requests, the court shall appoint a qualified expert or professional person to examine him. The hearing shall be before a jury if demanded by either the petitioner or the prosecuting attorney. The burden of proof shall be upon the petitioner to show by a preponderance of the evidence that the petitioner may be finally discharged without substantial danger to other persons, or presents a substantial likelihood of committing felonious acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions.

(3) *Nothing contained in this chapter shall prohibit the patient from petitioning the court for final discharge or conditional release from the institution in which he or she is committed.* The issue to be determined on such proceeding is whether the petitioner is a substantial danger to other persons, or presents a substantial likelihood of committing felonious acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions.

Nothing contained in this chapter shall prohibit the committed person from petitioning for release by writ of habeas corpus.

(Italics ours.)

Hence, under RCW 10.77.200(1) and (2) a petitioner may petition for final discharge if authorized by the Secretary of the Department of Social and Health Services or he or she may directly petition the court for final discharge or conditional release pursuant to RCW 10.77.200(3), thereby circumventing the necessity of authorization by the Secretary.

█ The statute explicitly prescribes the procedure that must be followed if a petitioner chooses to petition for final

discharge pursuant to RCW 10.77.200(1) and (2).

> Under RCW 10.77.200(1) and (2), the petitioner may make application with the Secretary . . . for a determination of whether reasonable grounds exist for final discharge. If the Secretary approves the petition, he or she shall authorize the filing of a petition in court. Either the State or the petitioner may thereafter request a jury trial. The burden of proof in the subsequent trial is "by a preponderance of the evidence". RCW 10.77.200(2).

*State v. Kolocotronis, supra* at 886. Conversely, no specific procedure is set forth for a petitioner who seeks final discharge or conditional release by direct petition to the court under RCW 10.77.200(3). Thus, it must be determined what procedural requirements the Legislature contemplated when it enacted that provision. In doing so, "all of the provisions of the act must be considered in their relation to each other and, if possible, harmonized to insure proper construction of each provision." *Burlington N., Inc. v. Johnston,* 89 Wn.2d 321, 326, 572 P.2d 1085 (1977).

Initially, it should be noted that prior to 1974 there was no statutory judicial remedy which permitted a petitioner to directly petition the court except by writ of habeas corpus for final discharge.[1] Habeas corpus is the proper proce-

---

[1] Laws of 1973, 1st Ex. Sess., ch. 117, § 20 states:

"(1) If the secretary determines, after such investigation as he may deem necessary, that a patient committed as criminally insane pursuant to this chapter may be finally discharged without substantial danger to himself or other persons and is not in need of further control by the court or other persons or institutions, he shall make application to the court for the final discharge.

"(2) The court, upon receipt of the application for final discharge, shall within forty-five days order a hearing. Continuance of the hearing date shall only be allowed for good cause shown. The prosecuting attorney shall represent the state, and shall have the right to have the patient examined by an expert or professional person of his choice. If the patient is indigent, and he so requests, the court shall appoint a duly qualified expert or professional person to examine the patient on his behalf. The hearing shall be before a jury if demanded by either the patient or the prosecuting attorney. The issue to be determined at such a hearing is whether the person may be finally discharged without substantial danger to himself or others and is not in need of further control by the court or other persons or institutions.

"(3) Nothing contained in this chapter shall prohibit the patient from petitioning by writ of habeas corpus for final discharge. The issue to be determined on

dure only when there is no available statutory judicial remedy. *See Durham v. Callahan,* 42 Wn.2d 352, 255 P.2d 374 (1953); *State v. Tugas,* 39 Wn.2d 241, 234 P.2d 1082 (1951); *State ex rel. Colvin v. Superior Court,* 159 Wash. 335, 293 P. 986 (1930). The 1974 amendment, however, substantially rewrote RCW 10.77.200 granting a petitioner, *inter alia,* the right to directly petition the court for final discharge or conditional release, independent of a petitioner's right to seek release by writ of habeas corpus, without setting forth the procedure for doing so. RCW 10.77.200(3). Since RCW 10.77.200(3) does not set forth any procedural requirements we have the inherent power to prescribe such procedures. "[O]nce jurisdiction has been conferred upon a court, RCW 2.28.150 is sufficiently broad to supply any deficiency of procedure which has been omitted in the primary grant of jurisdiction." (Footnote omitted.) *State ex rel. McCool v. Small Claims Court,* 12 Wn. App. 799, 801, 532 P.2d 1191 (1975). RCW 2.28.150 states:

> Implied powers—Proceeding when mode not prescribed. When jurisdiction is, by the Constitution of this state, or by statute, conferred on a court or judicial officer all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws.

*State v. Kolocotronis, supra,* concluded that the statute should be interpreted consistently and held that the preponderance of evidence burden of proof standard under RCW 10.77.200(2) is applicable to petitions brought under RCW 10.77.200(3). We further recognized that a trial by jury is available to petitioners under RCW 10.77.200(3), just as it is expressly made available to petitioners under RCW 10.77.200(1) and (2).

---

such proceeding is whether the patient is a substantial danger to himself or other persons and is not in need of further control by the court or other persons or institutions."

RCW 10.77.200(3) provides, on the other hand, that a petitioner without prior approval of the Secretary may go directly to the court to seek final discharge. The issue to be determined in the subsequent hearing and jury trial is identical to the issue to be determined if the petitioner, pursuant to RCW 10.77.200(2), seeks prior approval by the Secretary.

*State v. Kolocotronis, supra* at 886–87.

■ Although in *Kolocotronis* we did not expressly hold that the procedural requirements of RCW 10.77.200(2) were applicable to petitions for final discharge filed pursuant to RCW 10.77.200(3), we do so now. The consideration of RCW 10.77.200 in its entirety leads us to construe RCW 10.77.200(3) to contemplate a procedure similar to that set forth in RCW 10.77.200(2). There is no indication in the statute nor can we perceive any reason why a different procedure should apply in petitions for final discharge under RCW 10.77.200(3). While not controlling, we further note that statutes in other jurisdictions which follow a similar statutory structure as RCW 10.77.200 do not provide for different procedural requirements when a petition is permitted to be filed directly with the court.[2] Hence, we hold

---

[2]N.J. Stat. Ann. § 2C:4–9 (West 1982) states, in part:

"a. If a person has been committed pursuant to this chapter and if the commissioner, or his designee, or the superintendent of the institution to which the person has been committed, is of the view that a person committed to his custody . . . may be discharged or released on condition without danger to himself or to others, or that he may be transferred to a less restrictive setting for treatment, the commissioner or superintendent shall make application for the discharge or release of such person in a report to the court by which such person was committed and shall transmit a copy of such application and report to the prosecutor, the court, and defense counsel. The court may, in its discretion, appoint at least two qualified psychiatrists, neither of whom may be on the staff of the hospital to which the defendant had been committed, to examine such person and to report within 30 days, or such longer period as the court determines to be necessary for the purpose, their opinion as to his mental condition.

"b. If the court is satisfied by the report filed pursuant to subsection a. of this section and such testimony of the reporting psychiatrists as the court deems necessary that the committed person may be discharged, released on condition without danger to himself or others, or treated as in civil commitment the court shall order his discharge, his release on such conditions as the court determines to be necessary or his transfer. If the court is not so satisfied, it shall promptly order a

that the procedural requirements of RCW 10.77.200(2) are applicable whether a final discharge petition is initiated pursuant to RCW 10.77.200(1) with the approval of the Secretary or pursuant to RCW 10.77.200(3) by direct petition to the court without prior approval of the Secretary.

However, we add an additional procedural requirement for petitions for final discharge brought under RCW 10.77-.200(3). Under RCW 10.77.200(3) there is no prohibition or time limitation against the filing of successive petitions. This unrestrained availability of the right to directly petition the court may result, as indicated by the highly litigious disposition of the petitioner, in abuse of the process. The filing of successive frivolous petitions can involve needless repetitious litigation upon the filing of petition after petition by persons who have already had a full and fair hearing on the issue. Barring some improvement in the mental condition of a petitioner, he or she should not be permitted to bring endless litigation over issues already determined. Hence, once a petitioner has had a determination on the merits of a petition for final discharge filed pursuant to RCW 10.77.200(1) or (3), no subsequent petition filed pursuant to RCW 10.77.200(3) shall be considered or heard by the court *within 1 year of a prior determination* unless the petition is accompanied by a valid affidavit showing improvement of the petitioner's mental condition since the last trial. Such affidavit must be executed by a person who is not a patient at any mental institution. When filed, the petition and affidavit shall be reviewed by the court and, if the affidavit shows an improvement in the petitioner's mental condition, the petition shall be heard as provided in RCW 10.77.200(2). If no substantial improve-

hearing to determine whether such person may safely be discharged, released or transferred. Any such hearing shall be deemed a civil proceeding. . . .

"c. A committed person may make application for his discharge or release to the court by which he was committed, and the procedure to be followed upon such application shall be the same as that prescribed above in the case of an application by the commissioner." *See* Model Penal Code § 4.08, 10 U.L.A. 144–45 (1974).

ment in such condition is shown, the petition shall be dismissed. *See* Md. Ann. Code art. 59, § 15(g) (1979);[3] *Daniels v. Superintendent,* 34 Md. App. 173, 176 n.2, 366 A.2d 1064 (1976). This requirement, however, need not be met when a petitioner files a subsequent petition pursuant to RCW 10.77.200(1) once he has already had determination on the merits of any petition filed pursuant to either RCW 10.77-.200(1) or (3). The requirement of RCW 10.77.200(1) that the Secretary only approve petitions where reasonable grounds exist for final discharge sufficiently insures that nonmeritorious petitions will not be filed.

We further note that no procedure is prescribed for petitions for conditional release filed directly with the court under RCW 10.77.200(3). RCW 10.77.150[4] sets forth the

---

[3] "(g) Affidavit required for subsequent petition within one year.— Once a patient has had a determination on the merits of any one petition filed by him pursuant to this section, no subsequent petition prepared by or for him shall be heard by a court of equity within one year of such prior determination, unless, in addition to all other required data, the petition is accompanied by a valid affidavit showing improvement of the patient's mental condition subsequent to the trial. No such affidavit shall be valid if executed by a patient of a facility or Veteran's Administration hospital. When filed, the petition and affidavit shall be reviewed by the court, and if the affidavit shows an improvement in the patient's mental condition, the petition shall be heard as provided in this section. If no substantial improvement in such condition is shown, the petition shall be dismissed." Md. Ann. Code art. 59, § 15(g) (1979).

[4] RCW 10.77.150(2) and (4) state:

"(2) The court of the county which ordered his commitment, upon receipt of an application for conditional release with the secretary's recommendation for conditional release, shall within thirty days schedule a hearing. The court may schedule a hearing on applications recommended for disapproval by the secretary. The prosecuting attorney shall represent the state at such hearings and shall have the right to have the patient examined by an expert or professional person of his choice. If the committed person is indigent, and he so requests, the court shall appoint a qualified expert or professional person to examine him on his behalf. The issue to be determined at such a hearing is whether or not the person may be released conditionally without substantial danger to other persons, or substantial likelihood of committing felonious acts jeopardizing public safety or security. The court, after the hearing, shall rule on the secretary's recommendations, and if it disapproves of conditional release, may do so only on the basis of substantial evidence. The court may modify the suggested terms and conditions on which the person is to be conditionally released. Pursuant to the determination of the court

applicable procedure when a petition for conditional release is sought by application to the Secretary. Again, the same procedure should apply when conditional release is sought by direct petition. Hence, upon receipt of a direct petition for conditional release pursuant to RCW 10.77.200(3), the court shall schedule a hearing within 30 days. The prosecuting attorney shall represent the State at such hearing and shall have the right to have the patient examined by an expert or professional person of his choice. The court shall appoint a qualified expert or professional person to examine the petitioner on his behalf if he so requests and is indigent. The issue to be determined at such a hearing is whether or not the person may be released conditionally without substantial danger to other persons, or substantial likelihood of committing felonious acts jeopardizing public safety or security. Pursuant to the determination of the court after hearing, the committed person shall thereupon be released on such conditions as the court determines to be necessary or shall be remitted to the custody of the Secretary.

Here, Kolocotronis filed his third petition in 3 years for final discharge pursuant to RCW 10.77.200(3). In light of the results of his prior petitions, the trial court conducted a preliminary hearing to determine whether Kolocotronis should be granted yet another jury trial on the issue of his safety to be at large. Kolocotronis was required to demonstrate a change of circumstances since his last petition to qualify for such a jury trial. Evidence submitted at the hearing indicated that Kolocotronis' mental condition had not improved. In fact, the court appointed psychiatrist, appointed at Kolocotronis' request, testified that based on his examination of Kolocotronis that Kolocotronis should

---

after hearing, the committed person shall thereupon be released on such conditions as the court determines to be necessary, or shall be remitted to the custody of the secretary.

". . .

"(4) Any person, whose application for conditional release has been denied, may reapply after a period of six months from the date of denial."

remain hospitalized and not discharged. Since no improvement was shown, the trial court dismissed the petition. This hearing effectively accomplished our requirement that an affidavit accompany subsequent petitions filed under RCW 10.77.200(3).

We have addressed the petitioner's appeal and hold that the trial court was not required to grant the petitioner a new jury trial based upon the remand of *State v. Kolocotronis, supra* at 888. We note *In re Kolocotronis,* 99 Wn.2d 147, 660 P.2d 731 (1983), which held that the petitioner could be confined for the maximum period applicable at the time he was found to be not guilty of a sex–related crime by reason of insanity. We also note that the petitioner was released from Western State Hospital conditioned upon his confinement at Fulton State Hospital in Missouri and that the petitioner is still subject to the terms of that conditional release order. *See In re Kolocotronis, supra* at 151.

The judgment of the trial court is affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.

Reconsideration denied June 9, 1983.

Review denied by Supreme Court October 7, 1983.