[No. 10447-8-III.   Division Three.   April 2, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. PHILIP ARNOLD PAUL, *Appellant*.

*Thomas Bothwell* and *Prediletto, Halpin, Scharnikow & Bothwell, P.S.*, for appellant (appointed counsel for appeal).

THOMPSON, J. — Philip Arnold Paul appeals the denial of his application for partial conditional release from Eastern State Hospital. He contends the trial court employed an improper evidentiary standard. We reverse and remand for further proceedings consistent with this opinion.

On or about April 25, 1987, Philip Arnold Paul went to the home of an elderly neighbor woman, broke her neck and repeatedly cut her throat with a knife. She died. The following day he returned to the victim's home and buried her.

On July 15, 1987, Paul was acquitted of first degree murder by reason of insanity. RCW 9A.12.010. He was committed to the Department of Social and Health Services under the custody and control of a state mental institution for the criminally insane. RCW 10.77.110. He was placed at Eastern State Hospital in Medical Lake.

Paul filed an application for partial conditional release in Yakima County Superior Court on September 23, 1988. RCW 10.77.150. The purpose of the request was to allow vocational training in the Spokane area. No definite plans for training had been formulated at the time the application was filed, or at the time of hearing. Paul's application included several proposed conditions and was accompanied by a recommendation from the superintendent of Eastern State Hospital favoring approval of the request.

At the hearing on Paul's application, additional documentary evidence was submitted and testimony was taken. The trial court entered findings of fact and conclusions of law. The application for conditional release was denied on the basis there was both credible and substantial evidence contrary to the superintendent's recommendation.

Paul contends the trial court erred by not employing the "preponderance of the evidence" standard in evaluating his application. He argues the preponderance standard applies to petitions for final discharge under RCW 10.77.200 and it should also be applied to petitions for conditional release under RCW 10.77.150. He cites *State v. McCarter*, 91 Wn.2d 249, 588 P.2d 745 (1978); *State v. Kolocotronis*, 27 Wn. App. 883, 620 P.2d 546 (1980) (*Kolocotronis* I); and *State v. Kolocotronis*, 34 Wn. App. 613, 663 P.2d 1360 (*Kolocotronis* II), *review denied*, 100 Wn.2d 1014 (1983).

For unexplained reasons, the State has not appeared in this appeal. We decide this case without the benefit of a respondent's brief.

STATUTORY FRAMEWORK

By statute, a conditional release may contemplate partial release for work, training, or an educational purpose. RCW 10.77.150(1). Procedures for conditional release are set forth in RCW 10.77.150.

RCW 10.77.150(2) requires a hearing upon receipt of an application for conditional release when accompanied by a recommendation from the "secretary".[1] At this hearing,

> [t]he issue to be determined . . . is whether or not the person may be released conditionally without substantial danger to other persons, or substantial likelihood of committing felonious acts jeopardizing public safety or security.

After the hearing, the court

> shall rule on the secretary's recommendations, and if it disapproves of conditional release, may do so *only on the basis of substantial evidence.*

(Italics ours.) RCW 10.77.150(2).

RCW 10.77.200 sets forth the applicable burden of proof and procedures for final discharge hearings. When amended in 1974, the following was added:

> The burden of proof shall be upon the petitioner to show by a preponderance of the evidence that the petitioner may be finally discharged without substantial danger to other persons, and without presenting a substantial likelihood of committing felonious acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions.

RCW 10.77.200(2); Laws of 1974, 1st Ex. Sess., ch. 198, § 16. Whether by intent or inadvertence, the conditional release subsection was not amended to include a similar provision.

*Kolocotronis* II, at 620, held the preponderance of evidence standard under RCW 10.77.200(2) was applicable to direct petitions brought without approval of the Secretary under RCW 10.77.200(3),[2] just as it was applicable to peti-

---

[1]"Secretary" refers to the Secretary of the Department of Social and Health Services or his or her designee. RCW 10.77.010(3); RCW 10.77.150. When the Secretary does not recommend conditional release, a hearing is discretionary with the court.

[2]RCW 10.77.200(3) provides:

"Nothing contained in this chapter shall prohibit the patient from petitioning the court for final discharge or conditional release from the institution in which

tions brought with approval of the Secretary under RCW 10.77.200(1). In dictum, *Kolocotronis II*, at 623-24, stated the procedure applicable to petitions for conditional release brought under RCW 10.77.200(1) and (3) should also apply to direct petitions brought under RCW 10.77.150. Other than this dictum, there is no authority that refutes or supports Paul's contention.[3]

■ A petition for conditional release, approved by the Secretary, should not require a greater burden of proof than a petition for final discharge. In a conditional release situation, measures to protect the public are imposed and the freedom of the defendant is restricted. Further, all provisions in an act should be considered in relation to each other and harmonized, if possible. *Kolocotronis II*, at 619 (quoting *Burlington Northern, Inc. v. Johnston*, 89 Wn.2d 321, 326, 572 P.2d 1085 (1977)).

Confusion arises here because RCW 10.77.150 requires "substantial evidence" before a trial court can deny a conditional release application recommended by the Secretary. A reasonable interpretation of the requirement is that if the State opposes the application for conditional release, it must introduce substantial evidence that the petitioner poses a substantial danger to the public. Further, as explained below, the State bears the burden of overcoming the Secretary's

---

he or she is committed. The issue to be determined on such proceeding is whether the petitioner is a substantial danger to other persons, or presents a substantial likelihood of committing felonious acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions.

"Nothing contained in this chapter shall prohibit the committed person from petitioning for release by writ of habeas corpus." `

[3]*State v. Blubaugh*, 80 Wn.2d 28, 491 P.2d 646 (1971) held a person adjudged criminally insane following a successful insanity defense is in a class separate from an "ordinary insane person" and could be subjected to a different burden in obtaining release from confinement without violating his constitutional right to equal protection of law. The *Blubaugh* holding is inapplicable once the underlying criminal sentence has expired. *State v. McCarter, supra. McCarter* held the State had the burden of proving dangerousness beyond a reasonable doubt in a release proceeding held *after* expiration of the maximum sentence for the underlying criminal offense. Since the maximum sentence for Paul's criminal offense has not expired, *McCarter* is inapplicable.

806

recommendation for conditional release by a preponderance of evidence.

BURDENS OF PRODUCTION AND PERSUASION

In every case, there is both a burden of production and a burden of persuasion. *See* E. Cleary, *McCormick on Evidence* § 336, at 946-48 (3d ed. 1984); 9 J. Wigmore, *Evidence* §§ 2487-2488 (1981); *In re C.B.,* 61 Wn. App. 280, 282-83, 810 P.2d 518 (1991).

## A
## Burden of Production

■ The function of the burden of production is to identify whether there is an issue of fact to be submitted to the trier of fact for decision. E. Cleary § 338, at 952-56; 9 J. Wigmore § 2485. That is, in order to get to the trier of fact and bring into play the burden of persuasion, both parties must first satisfy the court that they have a *quantity* of evidence fit to be considered by the trier of fact. Up to that point, the party with the burden of proof is subject to a ruling of law which would put an end to the case. If the burden of production is met, the issue is deferred to the trier of fact for decision.[4]

■ As applied to this appeal, both parties bear a burden of producing substantial evidence regarding the petitioner's danger to society. Substantial evidence has been described as evidence sufficient to persuade a fair-minded person of the truth of the declared premise. *E.g., In re Marriage of Hall,* 103 Wn.2d 236, 692 P.2d 175 (1984).

## B
## Burden of Persuasion

■ The function of the burden of persuasion is to define how certain the trier of fact must be before resolving an

---

[4]"Whether the burden of production has been met can be tested at various times during the litigation process. When it is to be tested on appeal, that is done by claiming there was not 'substantial evidence' to support the findings or verdict entered in the trial court. To say that there was not 'substantial evidence' is to say that the burden of production was not met . . .". *In re C.B.,* at 283 n.2.

issue of fact in favor of the party having the burden of proof. The party with the burden is before the trier of fact, bearing only on his risk of nonpersuasion, not on his risk of production. E. Cleary §§ 339-341, at 956-64; *In re C.B.*, at 282. The question then arises as to the *quality* of degree of persuasion. 9 J. Wigmore § 2497. The law attempts to define or categorize the degree of positiveness of persuasion which must exist by use of the following categories: (1) beyond a reasonable doubt; (2) clear, cogent and convincing; (3) preponderance of evidence.

■ ■ We hold the degree of persuasion imposed on the State when opposing the Secretary's recommendation is a preponderance of evidence. "[E]vidence preponderates when it is more convincing to the trier than the opposing evidence", or when the trier of fact is convinced that it is more probable than not the fact in issue is true. E. Cleary § 339, at 957; *Cook v. Cook*, 80 Wn.2d 642, 497 P.2d 584 (1972). Finally, evidence is said to preponderate when the trial court reasonably finds it to be the most credible. *Annest v. Annest*, 49 Wn.2d 62, 298 P.2d 483 (1956).[5]

There can be substantial evidence to both prove and disprove a point. The evidence must be weighed to ascertain which preponderates whenever a burden of persuasion requires the preponderance of evidence test. The trial court erred to the extent it did not weigh the substantial evidence produced by both parties to determine which preponderated.

Given the time that has transpired since the hearing on Paul's application for conditional release and the possible change in Paul's condition, the trial court should conduct a new hearing in accordance with RCW 10.77.150 and apply the preponderance of evidence standard herein adopted.

---

[5]Paul contends the preponderance of the evidence test requires a "balancing" of the evidence. "Balancing" evidence is synonymous with "weighing" evidence, and weighing evidence is a matter of evaluating both the quality and the quantity of that which is presented. It is a question of ascertaining credibility and determining whether the fact at issue is more probable than not.

We reverse and remand for further proceedings consistent with this opinion.

SHIELDS, C.J., and SWEENEY, J., concur.