104 P.3d 36 (2005)
STATE of Washington, Respondent,
v.
David John HANEY, Appellant.
No. 31117-8-II.
Court of Appeals of Washington, Division 2.
January 4, 2005.
*37 Thomas C. Duffy, Attorney at Law, Vancouver, WA, for Respondent.
David Schultz, Attorney at Law, Camas, WA, for Appellant.
BRIDGEWATER, J.
David John Haney appeals from a dismissal of his petition for final discharge from Western State Hospital where he was committed upon acquittal by reason of insanity for first degree rape. We hold that under the plain, unambiguous language of RCW 10.77.200(3), Haney was entitled to a hearing; and the court could not impose a condition that he preliminarily show a change in circumstances so as to justify a jury trial. We reverse and remand for a full evidentiary hearing.
On April 13, 1982, David Haney was acquitted by reason of insanity for first degree rape and was committed to Western State Hospital (WSH). In May 1991, Haney was granted a conditional release from WSH, which was revoked in October 1992.
On April 2, 1993, Haney filed a petition for final discharge pursuant to RCW 10.77.200(3). The petition requested that an evidentiary hearing be scheduled within 45 days. On August 20, 1993, the Clark County Superior Court heard Haney's motion for release and found that Haney was a substantial danger to other persons and that he presented a substantial likelihood of committing criminal acts jeopardizing public safety or security unless kept under further control. See RCW 10.77.200(3). His petition for final discharge was denied on December 1, 1993.
Nine years later, on October 16, 2002, Haney again petitioned for final discharge pursuant to RCW 10.77.200(3). He requested that the court appoint a qualified expert to examine him and set a hearing within 45 days to determine the matter. Dr. C. Kirk Johnson was appointed to evaluate Haney. Dr. Johnson recommended that the court deny Haney's petition for discharge because Haney continued to deny that he had a mental illness or a need for medications or treatment, he was not willing to discuss or understand all the precursors to his sexual acting out, and he had no realistic relapse prevention *38 plan. Dr. Johnson concluded that Haney was an "untreated offender by virtue of 21 years of avoidance and poor treatment participation." Clerk's Papers (CP) at 15.
Likewise, WSH staff recommended that the court deny Haney's petition for discharge because he was resistant to treatment or medications, he did not understand the relationship between his mental illness and his sexual acting out, he did not take responsibility for his crime, and he continued to deny that he has a mental illness. Additionally, when Haney's medications were reduced, he had angry, verbal outbursts toward his peers. And in November 2002, he was found in an "off-limits" area, where he was watching new female student nurses in a conference room. CP at 9. WSH staff concluded that Haney's actions "underscore his high risk to regress and re-offend." CP at 9.
On June 13, 2003, Haney's counsel appeared before the Clark County Superior Court and requested a hearing date for Haney's petition. The court deferred the matter. In July, Haney filed a motion to set an evidentiary hearing pursuant to RCW 10.77.200(3). In August, Haney's counsel again appeared before the court and renewed Haney's motion for an evidentiary hearing. The court did not grant Haney's request but ordered that a show cause hearing be set.
On September 12, 2003, the court considered Haney's motion for an evidentiary hearing. III RP (Sept. 12, 2003) at 15. The State argued that under State v. Kolocotronis, 34 Wash.App. 613, 663 P.2d 1360, review denied, 100 Wash.2d 1014 (1983), Haney was required to show a change of circumstances before he was entitled to a hearing on his RCW 10.77.200(3) petition. In its findings and order, the court found that "[d]efendant has failed to show a change in circumstances so as to justify a jury trial pursuant to RCW 10.77.200(3)." CP at 25. Based on this finding, the court denied Haney's motion for an evidentiary hearing and his petition for release. Haney appeals and asks this court to remand the case for a full evidentiary hearing.
Haney contends that the trial court abused its discretion in denying his motion for an evidentiary hearing on his petition for release pursuant to RCW 10.77.200(3). The State argues that "there was no likelihood that the defendant would be able to meet the test for release upon an evidentiary hearing" and so a hearing was not necessary. Haney is correct.
RCW 10.77.200 provides in relevant part:
(1) Upon application by the committed or conditionally released person, the secretary shall determine whether or not reasonable grounds exist for release. In making this determination, the secretary may consider the reports filed under RCW 10.77.060, 10.77.110, 10.77.140, and 10.77.160, and other reports and evaluations provided by professionals familiar with the case. If the secretary approves the release he or she then shall authorize the person to petition the court.
(2) The petition shall be served upon the court and the prosecuting attorney. The court, upon receipt of the petition for release, shall within forty-five days order a hearing. Continuance of the hearing date shall only be allowed for good cause shown. The prosecuting attorney shall represent the state, and shall have the right to have the petitioner examined by an expert or professional person of the prosecuting attorney's choice. If the petitioner is indigent, and the person so requests, the court shall appoint a qualified expert or professional person to examine him or her. If the petitioner is developmentally disabled, the examination shall be performed by a developmental disabilities professional. The hearing shall be before a jury if demanded by either the petitioner or the prosecuting attorney. The burden of proof shall be upon the petitioner to show by a preponderance of the evidence that the petitioner no longer presents, as a result of a mental disease or defect, a substantial danger to other persons, or a substantial likelihood of committing criminal acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions.
(3) Nothing contained in this chapter shall prohibit the patient from petitioning the court for release or conditional release *39 from the institution in which he or she is committed. The issue to be determined on such proceeding is whether the petitioner, as a result of a mental disease or defect, is a substantial danger to other persons, or presents a substantial likelihood of committing criminal acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions.
(Emphasis added).
The standard of review in the instant case is not abuse of discretion. We do not review errors of law for an abuse of discretion; our review of the application of the law to the facts is de novo. See Malted Mousse, Inc. v. Steinmetz, 150 Wash.2d 518, 525, 79 P.3d 1154 (2003). We first direct our attention to the meaning of RCW 10.77.200(3). In doing so, we apply familiar rules regarding statutory construction. This court assumes the legislature means exactly what it says. W. Telepage, Inc. v. City of Tacoma Dep't of Fin., 140 Wash.2d 599, 608-09, 998 P.2d 884 (2000). We do not engage in statutory interpretation of a statute that is unambiguous. Davis v. State ex rel. Dep't of Licensing, 137 Wash.2d 957, 963, 977 P.2d 554 (1999). Nor do we construe plain words. W. Telepage, Inc., 140 Wash.2d at 609, 998 P.2d 884. We derive the meaning of an unambiguous statute from the wording of the statute itself. State v. Tili, 139 Wash.2d 107, 115, 985 P.2d 365 (1999).
Here, the provision is unambiguous, i.e. "[n]othing contained in this chapter shall prohibit the patient from petitioning the court for release or conditional release from the institution in which he or she is committed." RCW 10.77.200(3). There is no provision similar to the requirement in subsection (1), wherein any precondition is imposed before a patient may petition the court.
We agree with the holding in Kolocotronis that the procedural requirements under RCW 10.77.200(2) are available when a petition is filed under RCW 10.77.200(3). Kolocotronis, 34 Wash.App. at 619, 663 P.2d 1360. RCW 10.77.200(2) mandates that the court order a hearing within 45 days after the petitioner files a motion for release and that the hearing be held before a jury if the petitioner requests. The Kolocotronis court held that the procedural requirements of RCW 10.77.200(2) apply whether the final discharge petition is initiated pursuant to RCW 10.77.200(1) with the approval of the secretary or pursuant to RCW 10.77.200(3) by direct petition to the court without prior approval by the secretary. Kolocotronis, 34 Wash.App. at 621-22, 663 P.2d 1360.
But the court added an additional procedural requirement for petitions brought under RCW 10.77.200(3) because it was concerned that a petitioner with an unrestrained ability to directly petition the court could file successive and frivolous petitions leading to "needless repetitious litigation." Kolocotronis, 34 Wash.App. at 622, 663 P.2d 1360. The court held:
[O]nce a petitioner has had a determination on the merits of a petition for final discharge filed pursuant to RCW 10.77.200(1) or (3), no subsequent petition filed pursuant to RCW 10.77.200(3) shall be considered or heard by the court within 1 year of a prior determination unless the petition is accompanied by a valid affidavit showing improvement of the petitioner's mental condition since the last trial.
Kolocotronis, 34 Wash.App. at 622, 663 P.2d 1360.
The State asks us, as it did the trial court, to read Kolocotronis expansively and impose such a requirement on all petitions under subsection (3). Contrary to the State's position, the Kolocotronis court did not impose a requirement that all petitioners filing a petition under RCW 10.77.200(3) demonstrate a change in circumstances in order to qualify for an evidentiary hearing. Rather, it held that this requirement applies only to petitions filed within one year of a prior determination of the same issues. Here, nine years had passed since Haney last filed a petition for discharge; he was not required to show a change in circumstances in order to obtain a hearing even under Kolocotronis.
Moreover, we do not agree with the holding in Kolocotronis that the court can impose a requirement of an affidavit of improvement if the petition is to be considered within one year of a prior determination. To quote *40 from our Supreme Court in State v. Groom, 133 Wash.2d 679, 689, 947 P.2d 240 (1997):
We also note that however much members of this court may think that a statute should be rewritten, it is imperative that we not rewrite statutes to express what we think the law should be. We simply have no such authority. This is true even if the results appear unduly harsh.
(Citations omitted).
Under the unambiguous language of RCW 10.77.200(2), the trial court was required to hold a hearing on Haney's petition. The requirement under Kolocotronis may be reasonable, but it is not the law under the plain language of the statute. And "[i]t is neither the function nor the prerogative of courts to modify legislative enactments." Anderson v. City of Seattle, 78 Wash.2d 201, 202, 471 P.2d 87 (1970). Thus, the court erred as a matter of law in summarily denying Haney's petition, and this case must be remanded for an evidentiary hearing.
Finally, the State's argument that the court's ultimate determination on Haney's petition for release would be a matter of discretion and that the reports before the court suggested that Haney would fail to meet his burden of proof under RCW 10.77.200(2), ignores the procedural protections guaranteed a petitioner filing a petition for release. Regardless of whether Haney will prevail on his petition, he is entitled to a full evidentiary hearing.
Haney next contends that the trial court's failure to grant him a full evidentiary hearing violated his due process rights and that he received ineffective assistance of counsel because his attorney did not challenge the trial court's decision to dismiss Haney's petition without a hearing. Br. of Appellant at 14, 17. Because we remand for a hearing on other grounds, we need not address these issues. Moreover, where an issue may be resolved on statutory grounds, we avoid deciding the issue on constitutional grounds. Tunstall ex rel. Tunstall v. Bergeson, 141 Wash.2d 201, 210, 5 P.3d 691 (2000), cert. denied, 532 U.S. 920, 121 S.Ct. 1356, 149 L.Ed.2d 286 (2001).
Lastly, Haney has filed pro se a statement of additional grounds for review (SAG) for this court to consider. Because Haney fails to identify any error for review, we need not consider his SAG. See RAP 10.10(c).
Reversed and remanded.
We concur: QUINN-BRINTNALL, C.J., and LADLEY, J.P.T.