[No. 85549-8.   En Banc.]
Argued October 27, 2011.    Decided January 26, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. JOHN ROBERT
HURST, *Petitioner*.

*Mindy M. Carr*; and *Nancy P. Collins* (of *Washington Appellate Project*), for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Donna L. Wise, Deputy*, for respondent.

¶1 OWENS, J. — John Hurst was charged with a felony, but the criminal proceedings against him were stayed because the trial court determined that he was not competent to stand trial. Hurst's lack of competence twice resulted in his commitment to a 90-day mental health treatment and restoration period. As Hurst failed to regain competency during either of these periods, the State sought a third and final mental health treatment and restoration period of up to 180 days. This case concerns the standard of proof required to commit an incompetent criminal defendant charged with a felony to a third mental health treatment and restoration period. Hurst alleges that the due process clause of the Fourteenth Amendment to the United States Constitution (Due Process Clause), U.S. CONST. amend XIV, § 1, requires that the standard of proof be clear, cogent, and convincing evidence. We disagree; the legislature's selected preponderance of the evidence standard satisfies the Due Process Clause. Accordingly, we affirm the Court of Appeals.

## FACTS

¶2 On March 11, 2008, Hurst, while in the emergency room, allegedly punched and threw a shoe at an on-duty nurse. As a result, the State charged Hurst with assault in the third degree, a class C felony. RCW 9A.36.031(1)(i), (2). At some point, the issue of Hurst's competency to stand trial was raised and, on March 31, King County Superior Court entered an order committing Hurst to Western State Hos-

pital for an examination relating to his competency. A report was submitted to the court on April 30 and, on May 12, the court found Hurst incompetent to stand trial and ordered him committed to Western State Hospital for up to 90 days to restore his competency. On August 20, the court again found Hurst incompetent to stand trial and ordered him committed for a second period of up to 90 days. On January 23, 2009, the court determined that Hurst had not yet regained competency to stand trial.

¶3 A jury trial relating to Hurst's continued commitment was held beginning on February 3, 2009. The jury was asked to determine whether the State had proved by a preponderance of the evidence that Hurst presented a substantial danger to others or presented a substantial likelihood of committing criminal acts jeopardizing public safety or security and whether there was a substantial probability that Hurst would regain competency within a reasonable period of time. The jury found that Hurst did not present a substantial danger to other persons but that there was a substantial likelihood that he would commit criminal acts jeopardizing public safety or security and that there was a substantial probability that he would regain competency within a reasonable period of time. Based on the jury's verdict, the court entered an order committing Hurst to an additional 180-day period of mental health treatment and restoration. On August 3, 2009, the superior court found that Hurst remained incompetent to stand trial and dismissed the criminal charges.[1]

¶4 Hurst sought review of the superior court's imposition of the final 180-day commitment period on several grounds, including a challenge to the standard of proof imposed on the State. The Court of Appeals granted discretionary review and held that RCW 10.77.086(4) requires

---

[1] This case is, technically, moot. Neither party seeks dismissal on this basis and competency hearings present an issue of "continuing and substantial public interest." *Born v. Thompson*, 117 Wn. App. 57, 63-64, 69 P.3d 343 (2003), *rev'd on other grounds*, 154 Wn.2d 749, 117 P.3d 1098 (2005).

proof by only a preponderance of the evidence and that this standard does not violate the Due Process Clause. *State v. Hurst*, 158 Wn. App. 803, 808-09, 812, 244 P.3d 954 (2010). We granted Hurst's petition for review. *State v. Hurst*, 171 Wn.2d 1016, 253 P.3d 392 (2011).

## ISSUE

¶5 Does the Due Process Clause require proof of dangerousness by clear, cogent, and convincing evidence to detain an incompetent criminal defendant for purposes of competency restoration beyond 180 days?

## ANALYSIS

### I. Analytical Framework for Due Process Clause Challenges

¶6 The first issue in dispute is whether this case is governed by the analytical framework set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334-35, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), or the framework set out in *Medina v. California*, 505 U.S. 437, 445, 112 S. Ct. 2572, 120 L. Ed. 2d 353 (1992). This issue is, at least theoretically, a significant one because the *Medina* framework is "far less intrusive than that approved in *Mathews*." *Id.* at 446.

¶7 Due Process Clause challenges arising in the context of competency hearings in criminal proceedings are governed by the analytical framework set forth in *Medina*. *State v. Heddrick*, 166 Wn.2d 898, 904 n.3, 215 P.3d 201 (2009). Indeed, *Medina* itself concerned the dictates of the Due Process Clause in precisely such a context. In *Medina*, a criminal defendant was charged with multiple felonies, including first degree murder. 505 U.S. at 440. Prior to trial, Medina's counsel requested a hearing to determine whether Medina was competent to stand trial. *Id.* Under California statute, the party asserting a lack of competence bore the burden of establishing incompetence by a preponderance of the evidence. *Id.* Medina argued that the statute violated

the Due Process Clause by placing the burden of proof on him to demonstrate his incompetence. *Id.* at 442. The United States Supreme Court specifically rejected the *Mathews* test because the challenge arose in the criminal law context. *Id.* at 443 ("In our view, the *Mathews* balancing test does not provide the appropriate framework for assessing the validity of state procedural rules which, like the one at bar, are part of the criminal process.").

¶8 As in *Medina*, the competency hearing at issue in the present case arose in the context of criminal proceedings. The United States Supreme Court decision in *Medina* is therefore dispositive of the fact that the present case, in which Hurst relies exclusively on the federal constitution, is not governed by *Mathews*.

¶9 Hurst's arguments in favor of the *Mathews* framework are unavailing. Hurst is correct that in *Born v. Thompson*, 154 Wn.2d 749, 755-57, 117 P.3d 1098 (2005), which concerned the requirements of the Due Process Clause in competency proceedings that were part of prosecution for commission of a misdemeanor, we applied the *Mathews* analytical framework. In *Born*, however, the parties did not brief the applicability of the *Medina* framework. *See* Suppl. Br. of Pet'r Born and Suppl. Br. of Resp'ts, *Born v. Thompson*, No. 74126-3. Instead, the parties focused on the applicability of *Addington v. Texas*, 441 U.S. 418, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979), which in turn relied upon the *Mathews* factors, *see id.* at 425-27. Accordingly, we decided *Born* under the framework of *Mathews* and *Addington*. *Born*, 154 Wn.2d at 754-55; *id.* at 778-79 (Owens, J., dissenting); *see* RAP 12.1(a) ("[T]he appellate court will decide a case only on the basis of issues set forth by the parties in their briefs."); *cf. State v. Brousseau*, 172 Wn.2d 331, 346 n.8, 259 P.3d 209 (2011) ("Though the usefulness of the *Mathews* test in resolving the due process question presented here may be debated, Brousseau relies heavily on the test in his briefing, and the State has not argued for a different test."). The failure of the parties in *Born* to raise,

as an issue, the appropriate Due Process Clause framework does not compel us to employ the incorrect *Mathews* framework in this case. This is particularly true given that after our decision in *Born* we expressly recognized *Medina* as the controlling framework. *Heddrick*, 166 Wn.2d at 904 n.3.[2]

II. A Preponderance of the Evidence Standard Satisfies Due Process

¶10  Under the *Medina* analytical framework, a state law governing criminal procedures, " 'including the burden of producing evidence and the burden of persuasion,' " does not violate " 'the Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." ' " 505 U.S. at 445 (internal quotation marks omitted) (quoting *Patterson v. New York*, 432 U.S. 197, 201-02, 97 S. Ct. 2319, 53 L. Ed. 2d 281 (1977)). Both historical and contemporary practice are probative of whether such rules are fundamental. *Id.* at 446-48. If the rule is not ranked as fundamental, the court must then determine "whether the rule transgresses any recognized principle of 'fundamental fairness' in operation." *Id.* at 448 (quoting *Dowling v. United States*, 493 U.S. 342, 352, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990)).

¶11  As a starting point, we must precisely identify Hurst's claim of error and determine, as a matter of statutory construction, the meaning and effect of the statutory scheme. Provisions addressing defendants who are not competent to stand trial are set forth in chapter 10.77 RCW. *Cf. Drope v. Missouri*, 420 U.S. 162, 171, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975) (holding that the Due Process Clause prohibits the trial of a person who is incompetent). In brief, if the court finds that a criminal defendant charged with a felony is not competent to stand trial it must stay the criminal proceedings, RCW 10.77.084(1)(a), and may com-

---

[2] We do not, by this opinion, overrule *Born*. While its reasoning may be somewhat undermined, we leave for the appropriate case whether its holding is sound under the *Medina* framework.

mit the defendant to a "mental health treatment and restoration period," RCW 10.77.084(1)(c), of up to 90 days. RCW 10.77.086(1). By the conclusion of that 90-day period, the court must hold a hearing, RCW 10.77.086(2), and may commit the defendant to an additional mental health treatment and restoration period of up to 90 days if it or a jury determines that the defendant remains incompetent, RCW 10.77.086(3). By the expiration of the second mental health treatment and restoration period, the court must again hold a hearing. *Id*. At this hearing, the court may commit the defendant to a third and final mental health treatment and restoration period of up to six months if the court or jury finds that (1) the defendant remains incompetent, (2) "there is a substantial probability that the defendant will regain competency within a reasonable period of time," and (3) the defendant either (a) "is a substantial danger to other persons" or (b) "presents a substantial likelihood of committing criminal acts jeopardizing public safety or security."[3] RCW 10.77.086(4). Hurst argues that the Due Process Clause requires that the second and third of these showings be made by clear, cogent, and convincing evidence and, therefore, that the trial court erred in instructing his jury that it need find these elements only by a preponderance of the evidence.

■ ■ ¶12 By statute, the legislature has adopted the preponderance of the evidence standard of proof. Though Hurst accurately points out that the term "preponderance of the evidence" does not appear in RCW 10.77.086(4), it is settled that the plain meaning of a statute is determined by looking not only "to the text of the statutory provision in question," but also to " 'the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.' " *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010) (quoting *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005)). In the subsection

---

[3] For simplicity, we refer to both prongs of the third showing as "dangerousness" in this opinion.

immediately preceding RCW 10.77.086(4), the legislature expressly adopted the preponderance of the evidence standard as the appropriate standard for determining competency at the hearing following the first mental health treatment and restoration period. RCW 10.77.086(3). The absence of a contrary standard elsewhere in the statute creates an inference that the legislature intended the same standard of proof to apply to the other determinations as well. Had the legislature intended to impose a more stringent standard of proof, it knew how to do so. *See, e.g.*, RCW 13.34.190(1)(a) (requiring "clear, cogent, and convincing evidence" or proof "beyond a reasonable doubt" to terminate parental rights); RCW 71.05.235(2) (requiring "clear, cogent, and convincing evidence" for chapter 71.05 RCW commitment). That is, by declining to expressly impose a more stringent standard of proof, the legislature has indicated its intent to impose the preponderance of the evidence standard of proof.

¶13 The legislature's adoption of the preponderance of the evidence standard of proof does not violate the Due Process Clause. As discussed above, the appropriate analytical framework is set forth in *Medina*. This requires consideration of historical and contemporary practice and the " 'fundamental fairness' " of the rule in operation. *Medina*, 505 U.S. at 445-48 (quoting *Dowling*, 493 U.S. at 352).

¶14 Hurst does not advance any argument that historical or contemporary practice demonstrates that imposition of a preponderance of the evidence standard of proof violates the Due Process Clause. Because Hurst challenges the statute's constitutionality, this is his burden. *Island County v. State*, 135 Wn.2d 141, 146, 955 P.2d 377 (1998). Accordingly, we cannot say that requiring proof of dangerousness and likelihood of competency restoration by clear, cogent, and convincing evidence is a fundamental principle of justice.

¶15 Nor does application of the preponderance of the evidence standard deny "any recognized principle of 'funda-

mental fairness' in operation." *Medina*, 505 U.S. at 448 (quoting *Dowling*, 493 U.S. at 352). In operation, numerous safeguards exist to ensure that no incompetent person will be compelled to stand trial and that only those persons who are likely to regain competence are committed for the additional six-month period. Among these safeguards are the right to counsel, RCW 10.77.020(1); the right to a jury, RCW 10.77.086(3); and the right to examination by an expert of the defendant's choosing, RCW 10.77.020(2). In addition, a third period of mental health treatment and restoration commitment is permitted only upon a showing that, on a more likely than not basis, "there is a *substantial* probability that the defendant will regain competency within a reasonable period of time" and that the defendant poses "a *substantial* danger to other persons" or "presents a *substantial* likelihood of committing criminal acts jeopardizing public safety or security." RCW 10.77.086(4) (emphasis added). In addition, even where the requisite showings are made, this merely vests the judge with the discretion to commit the incompetent defendant to a third mental health treatment and restoration period of up to 180 days; the judge may also impose a shorter commitment or no commitment at all. *Id.* ("In the event that the court or jury makes such a finding, the court *may* extend the period of commitment for up to an additional six months." (emphasis added)). Importantly, at any time during the proceedings, the defendant is entitled to a hearing if a mental health professional determines that the defendant has been or is unlikely to be restored to competency. RCW 10.77.084(1)(c). As a result of the many protections, we cannot say that application of the preponderance of the evidence standard results in a deprivation of fundamental fairness in operation. As a result, under the *Medina* framework, the preponderance of the evidence standard has not been shown to violate the Due Process Clause.

¶16 Our conclusion that the preponderance of the evidence standard of proof does not violate the Due Process

Clause is further bolstered by the United States Supreme Court decisions in *Jackson v. Indiana*, 406 U.S. 715, 92 S. Ct. 1845, 32 L. Ed. 2d 435 (1972), and *Cooper v. Oklahoma*, 517 U.S. 348, 116 S. Ct. 1373, 134 L. Ed. 2d 498 (1996). In *Jackson*, the Court approved of the detention of a criminal defendant deemed incompetent, but limited that detention to "the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future."[4] 406 U.S. at 738. In *Medina*, the Court held that a state may, consistent with the Due Process Clause, impose on the defendant the burden of showing, by a preponderance of the evidence, a lack of competency. 505 U.S. at 439, 450-51; *cf. Cooper*, 517 U.S. at 363 (holding that the Due Process Clause prohibits states from requiring defendants to prove their incompetency by clear and convincing evidence). Thus, the Supreme Court has, at least implicitly, approved of commitment of criminal defendants upon the mere showing of incompetence under a preponderance of the evidence standard.

## CONCLUSION

¶17 We hold that the Due Process Clause does not require proof of a substantial probability of restoration of competency or dangerousness by clear, cogent, and convincing evidence; proof by a preponderance of the evidence suffices, at least where, as here, the statutory scheme otherwise ensures " 'fundamental fairness' in operation." *Medina*, 505 U.S. at 448 (quoting *Dowling*, 493 U.S. at 352). Accordingly, we affirm the Court of Appeals.

MADSEN, C.J.; C. JOHNSON, CHAMBERS, FAIRHURST, J.M. JOHNSON, STEPHENS, and WIGGINS, JJ.; and ALEXANDER, J. PRO TEM., concur.

---

[4] We note that in this case, Hurst does not assert that the period for which he was held was unreasonable under *Jackson*.