[No. 65537-0-I.   Division One.   March 12, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. BAO DINH DANG, *Appellant*.

*Susan F. Wilk* (of *Washington Appellate Project*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney,* and *David J.W. Hackett, Deputy,* for respondent.

¶1 GROSSE, J. — A trial court may revoke the conditional release of a person acquitted of a crime by reason of insanity if the court determines that the person did not adhere to the terms or conditions of his or her release, or that the person presents a threat to public safety. Here, the trial court revoked Bao Dinh Dang's conditional release based on its determination that Dang violated a condition of his release. Given this determination, the trial court was not required to find that Dang was a substantial danger to other persons or presented a substantial likelihood of committing criminal acts jeopardizing public safety and security. Accordingly, we affirm the order revoking Dang's conditional release.

¶2 In April 2007, Bao Dinh Dang was acquitted on grounds of insanity of one count of first degree attempted arson. The court entered a judgment of acquittal by reason of insanity pursuant to RCW 10.77.080 and conditionally released Dang from custody. Among the conditions for Dang's release was that he "shall be in a state of remission from the effects of mental disease or defect and have no

significant deterioration of mental condition or other significant sign of decompensation." Other conditions of Dang's release included that he be supervised by the Department of Corrections (DOC) and report as directed to a community corrections officer (CCO).

¶3 In June 2007, the trial court entered an order modifying the conditions of Dang's release to include a requirement that his CCO submit reports as to his progress in treatment, any substantial change in his treatment plan, and any substantial change in or significant deterioration of his condition. In the order, the court also allowed the CCO to order that Dang be apprehended and taken into custody for hospitalization and evaluation if the CCO reasonably believed Dang was failing to adhere to the conditions of his release and, because of that failure, may become a substantial danger to other persons or present a substantial likelihood of committing criminal acts jeopardizing public safety or security.

¶4 In January 2008, the court again modified the conditions of Dang's release. The court removed the requirement of DOC supervision and also allowed Dang to reside with his sister.

¶5 In April 2008, the court modified the conditions of Dang's release once again. The court reimposed the requirement of DOC supervision and again ordered that Dang report as directed to a CCO. The court also reimposed the condition that Dang "[b]e in a state of remission from the effects of mental disease or defect and have no significant deterioration of mental condition or other significant sign of decompensation." The court again authorized the CCO to order Dang apprehended and taken into custody for hospitalization and evaluation under the same circumstances as previously ordered.

¶6 In July 2008, the court entered an order permitting Dang to travel to Vietnam from July 3, 2008 to no later than August 3, 2008.

¶7 In late August 2008, the State sought a bench warrant for Dang's arrest on the ground that he violated the terms and conditions of his release by exhibiting significant signs of decompensation since August 5, 2008. The court granted the State's motion and entered an order directing the issuance of a bench warrant and requiring that Dang be transported to Western State Hospital for evaluation and treatment pending a hearing on revocation or modification of his conditional release. Dang's CCO arrested Dang and took him to Western State Hospital.

¶8 In May 2010, the State moved for revocation of Dang's conditional release, alleging that Dang violated the terms and conditions of his release and needed further treatment and that his continued release without further inpatient treatment was a threat to the public. After a hearing, the trial court entered an order revoking Dang's conditional release pursuant to RCW 10.77.190 and ordering Dang committed for hospitalization and treatment. For reasons unknown, the court's findings of fact and conclusions of law were not filed in the trial court following the hearing. Because the judge who presided at the revocation proceedings had since retired, the parties presented agreed findings of fact and conclusions of law to the presiding criminal judge. The presiding criminal judge noted on the findings of fact and conclusions of law that they accurately reflected the prior judge's oral ruling. The State filed the findings of fact and conclusions of law in this court.[1]

¶9 Dang appeals the order revoking his conditional release on several grounds. First, he argues that the revocation of his conditional release deprived him of due process of law because, in ordering revocation, the trial court did not make a specific finding that Dang was a substantial danger to other persons or presented a substantial likelihood of committing criminal acts jeopardizing public safety and security. But the statute pursuant to which the trial

---

[1] We deny Dang's motion to strike and grant the State's motion to supplement the record pursuant to RAP 9.11.

court revoked Dang's conditional release, RCW 10.77.190, does not require such a finding:

> The court, upon receiving notification of the apprehension [of the conditionally released person believed to be failing to adhere to the terms or conditions of his or her conditional release], shall promptly schedule a hearing. *The issue to be determined is whether the conditionally released person did or did not adhere to the terms and conditions of his or her release, or whether the person presents a threat to public safety.* Pursuant to the determination of the court upon such hearing, the conditionally released person shall either continue to be conditionally released on the same or modified conditions or his or her conditional release shall be revoked and he or she shall be committed subject to release only in accordance with the provisions of [chapter 10.77 RCW].[2]

¶10 The statute plainly allows revocation of a conditional release upon a determination either that Dang did not adhere to the terms and conditions of his release or that he presented a threat to public safety. Given that the trial court found that Dang did not adhere to the terms and conditions of his release, revocation of his conditional release based on that finding alone was proper. Moreover, we note that the trial court did in fact make a finding as to dangerousness.[3]

¶11 Next, Dang argues that if proof of dangerousness is not a prerequisite to the revocation of a conditional release pursuant to RCW 10.77.190, then the statute is unconstitutional. A statute is presumed constitutional, and the party challenging the constitutionality of a statute has the burden of proving its unconstitutionality beyond a reason-

---

[2] RCW 10.77.190(4) (emphasis added). In arguing that the trial court was required to enter a finding of dangerousness, Dang ignores RCW 10.77.190 and erroneously relies on other statutes instead. These statutes are not, however, relevant to a proceeding to modify or revoke a conditional release.

[3] Conclusion of law 5 provides, "The defendant cannot be conditionally released without presenting a substantial danger to other persons, and he presents a substantial likelihood of committing criminal acts jeopardizing public safety and security."

able doubt.[4] Where possible, we must interpret a challenged statute in a manner that upholds its constitutionality.[5] The presumption in favor of a statute's constitutionality should be overcome only in exceptional cases.[6]

¶12 Here, Dang has failed to prove the unconstitutionality of RCW 10.77.190 beyond a reasonable doubt. Indeed, he fails to cite any authority involving the revocation of a conditional release and instead relies on statutes and cases involving other determinations and proceedings. Dang fails to meet his heavy burden of proving that RCW 10.77.190 is unconstitutional.

■■ ¶13 Dang raises several arguments relating to the hearing on the State's motion to revoke his conditional release. He argues that the standard of proof at the hearing should have been clear and convincing evidence, rather than a preponderance of the evidence as the trial court concluded. RCW 10.77.190 is silent as to the standard of proof required to revoke a conditional release. To resolve the issue of the burden of proof, we look not only to the text of the statute, but also to related provisions as well as the statutory scheme as a whole.[7] The relevant statutory scheme is chapter 10.77 RCW.[8] The preponderance of the evidence standard is the appropriate standard for a number of determinations under provisions of chapter 10.77 RCW.[9] Had the

---

[4] *Haley v. Med. Disciplinary Bd.*, 117 Wn.2d 720, 739, 818 P.2d 1062 (1991).

[5] *City of Seattle v. Webster*, 115 Wn.2d 635, 641, 802 P.2d 1333 (1990).

[6] *City of Seattle v. Eze*, 111 Wn.2d 22, 28, 759 P.2d 366 (1988).

[7] *State v. Hurst*, 173 Wn.2d 597, 604, 269 P.3d 1023 (2012).

[8] *Hurst*, 173 Wn.2d at 603 ("Provisions addressing defendants who are not competent to stand trial are set forth in chapter 10.77 RCW."). We reject Dang's argument that the standard of proof set forth in MPR 4.5 applies here. By its explicit terms, that standard applies to conditional releases and less restrictive treatment under RCW 71.05.340 and RCW 71.05.320, respectively, not proceedings under chapter 10.77 RCW.

[9] *See, e.g.*, RCW 10.77.086(3) (determining competency at the hearing following the first mental health treatment and restoration period), .200(3) (final discharge proceedings); *State v. Paul*, 64 Wn. App. 801, 805, 828 P.2d 594 (1992) (holding that the standard for determining a petition for conditional release

legislature intended to impose the more stringent clear and convincing evidence standard for proceedings to revoke a conditional release, it knew how to do so.[10] The trial court did not err in applying the preponderance of the evidence standard. Further, we agree with the trial court that even under a stricter standard of proof, revocation of Dang's conditional release was proper.[11]

¶14 Next, Dang argues that the evidence was insufficient to prove that he was dangerous under any standard of proof and that, therefore, "the order committing him" must be vacated. But the order committing Dang is not at issue. The order on appeal is the order revoking Dang's conditional release. The issue to be determined at the hearing on a petition to revoke a conditional release is "whether the conditionally released person did or did not adhere to the terms and conditions of his or her release, or whether the person presents a threat to public safety."[12] Here, Dang's CCO alleged that Dang violated the condition of his release that he exhibit no significant signs of decompensation, and the trial court did not err in finding such violation. The issue at the hearing was not whether the State proved Dang's dangerousness. Dang's argument that the evidence was insufficient to show he was dangerous is, therefore, not relevant to whether the trial court properly revoked his conditional release.

¶15 Dang argues that the trial court denied him his due process right to confrontation by admitting hearsay evidence at the hearing on the State's motion to revoke his conditional release. "[T]he due process rights afforded at a

___

is the preponderance of the evidence standard); *Hurst*, 173 Wn.2d at 604-05 (holding that the standard of proof required to commit an incompetent criminal defendant charged with a felony to a third mental health treatment and restoration period is the preponderance of the evidence standard).

[10] *See Hurst*, 173 Wn.2d at 605.

[11] The trial court stated that "[f]or purposes of this case the standard of proof is largely academic because the proof here is very strong that the conditional release should be revoked."

[12] RCW 10.77.190(4).

revocation hearing are not the same as those afforded at the time of trial."[13] For example, in a parole revocation proceeding, the level of process due is flexible and allows for the admission of evidence that would not be admitted in an adversary criminal trial, such as letters and affidavits.[14] Similarly, sex offenders who face the revocation of a special sex offender sentencing alternative sentence are entitled to only those minimal due process rights afforded in a parole revocation proceeding.[15] Reports, affidavits, and documentary evidence are admissible in those proceedings if there is good cause to forgo live testimony.[16]

¶16 Here, Dang objected to the testimony of his case manager and of his CCO that Dang told others that he was going to set something on fire or blow up a gas station. The court overruled Dang's objections to this testimony, reasoning that the testimony was based on each witness's familiarity with the case and, although hearsay, was "admissible in hearings of this nature." The trial court's allowance of hearsay at the hearing is not the same as the admission of reports, affidavits, and documentary evidence in lieu of live testimony. Thus, the requirement of good cause for the admissibility of reports, affidavits, and documentary evidence in lieu of live testimony outlined in *Dahl*[17] and *Abd-Rahmaan*[18] is not applicable here. Dang was afforded the due process rights to which he was entitled at the hearing.[19]

---

[13] *State v. Dahl*, 139 Wn.2d 678, 683, 990 P.2d 396 (1999).

[14] *State v. Abd-Rahmaan*, 154 Wn.2d 280, 286, 111 P.3d 1157 (2005).

[15] *State v. Badger*, 64 Wn. App. 904, 907, 827 P.2d 318 (1992).

[16] *Dahl*, 139 Wn.2d at 686.

[17] *State v. Dahl,* 139 Wn.2d 678, 683, 990 P.2d 396 (1999).

[18] *State v. Abd-Rahmaan,* 154 Wn.2d 280, 286, 111 P.3d 1157 (2005).

[19] Because we affirm the trial court's order revoking Dang's conditional release, we need not and do not address his argument that if the matter is remanded for a hearing, the trial court should be barred from considering hearsay.

¶17 We affirm the order revoking Dang's conditional release.

SCHINDLER and LAU, JJ., concur.

Review granted at 175 Wn.2d 1023 (2012).